823 P.2d 324

**STATE of New Mexico, Plaintiff–Appellant,**

v.

**Moises ALVAREZ, Defendant–Appellee.**

**No. 12643.**

Court of Appeals of New Mexico.

Oct. 4, 1991.

Certiorari Denied Dec. 4, 1991.

Tom Udall, Atty. Gen., Gail MacQuesten, Asst. Atty. Gen., Santa Fe, for plaintiff-appellant.

Jacquelyn Robins, Chief Public Defender, Hugh W. Dangler, Asst. Appellate Defender, Santa Fe, for defendant-appellee.

## OPINION

FLORES, Judge.

On August 30, 1990, the trial court entered an order suppressing evidence law enforcement officers seized pursuant to a search warrant. On September 13, 1990, the state filed a notice of appeal. The state argues that the affidavit supporting the warrant contained sufficient information to establish probable cause. During the calendaring process, this court raised the issue of whether we should dismiss the state's appeal for failure to timely file a notice of appeal. *See* NMSA 1978, § 39–3–3(B) (Repl.Pamp.1991); *Rice v. Gonzales,* 79 N.M. 377, 444 P.2d 288 (1968) (court will sua sponte consider whether it properly has jurisdiction). The parties have briefed both issues. The state's position rests on the premise that an appeal from a suppression order is a constitutional appeal as of right. Defendant's rejoinder is that there is no constitutional appeal as of right from a suppression order. We agree with defendant. We dismiss the appeal as non-timely and do not reach the question of whether probable cause supported the search warrant.

*Relevant Statutes and Rules*

■ This case requires we construe a constitutional provision, a statute and a supreme court rule. Section 39–3–3(B)(2) allows the state ten days within which to file a notice of appeal of a suppression order. SCRA 1986, 12–201(A) (Cum.Supp. 1991) allows the state thirty days within which to file a notice of "[a]n appeal permitted by law as of right * * *." SCRA 1986, 12–202(A). In this case, the state filed its notice of appeal in the district court on the fourteenth day after entry of the suppression order. If the ten-day limitation in Section 39–3–3(B)(2) controls, then the state's notice of appeal is late. A timely notice of appeal is a "mandatory" requirement. *Govich v. North Am. Sys.,* 112 N.M. 226, 230, 814 P.2d 94, 98 (1991). When the state has filed an untimely notice of appeal in the past, our supreme court has refused to consider the merits of the appeal. *See State v. Arnold,* 51 N.M. 311, 183 P.2d 845 (1947) (appeal properly dismissed for failure to comply with procedural rules; failure to procedurally perfect appeal deprives court of jurisdiction); *but see Govich v. North Am. Sys.* (failure to comply with mandatory appeal requirements of time and place of filing notice of appeal is an improper attempt to invoke jurisdiction but is not jurisdictional defect; court may properly exercise its discretion and invoke jurisdiction if substantive rights of the parties are not negatively affected thereby).

*The State's Argument*

■ To demonstrate the applicability of Rule 12–201(A), the state makes the following arguments: It has a constitutional appeal as of right. *See* N.M. Const. art. VI, § 2. An appeal of a suppression order is not an appeal of a final order, and is thus interlocutory. *Cf. State v. Hernandez,* 95 N.M. 125, 619 P.2d 570 (Ct.App.1980) (court of appeals has discretion to refuse to consider interlocutory appeals). The state further asserts that because the court of appeals must consider a Section 39–3–3(B) appeal, it is an interlocutory appeal as of right. The state contends its appeal in the instant case is more than a statutory ap-

peal as of right because Section 39–3–3(B) is not a grant of appellate jurisdiction but a mere codification of a constitutional right to appeal. *See State v. Santillanes*, 96 N.M. 482, 632 P.2d 359 (Ct.App.1980), *rev'd on other grounds*, 96 N.M. 477, 632 P.2d 354 (1981). Consistent with this notion is the state's reading of Rule 12–202 together with Section 39–3–3(B). In sum, the state argues that since an appeal from a suppression order is a constitutional right, rather than a statutory right, it follows that only the supreme court may regulate the time within which the state must exercise that right. *See State v. Arnold.* Thus this court is bound by this supreme court regulation of time, even if it conflicts with the statute. *See Alexander v. Delgado*, 84 N.M. 717, 507 P.2d 778 (1973).

We have two difficulties with the arguments that the state makes to suggest that it has a constitutional appeal as of right from suppression orders. First, as the state admits, an appeal of a suppression order is fundamentally an interlocutory appeal. It generally occurs at the beginning or middle of litigation. We can foresee in many criminal cases there may be contemplation of further action in the case, such as where the evidence suppressed relates to one of many charges. *Cf. Texas Pac. Oil Co. v. A.D. Jones Estate, Inc.*, 78 N.M. 348, 431 P.2d 490 (1967) (appeal of preliminary injunction interlocutory in nature because court contemplated further action in case). Yet the state's characterization of a suppression order appeal as an exception to our usual discretion in considering interlocutory appeals does not transform the appeal into one of constitutional dimension. The mandatory nature of suppression order appeals is rooted in Section 39–3–3(B), not the constitution.

■ In *Santillanes*, the state's key authority in this case, the district court dismissed an enhancement proceeding with prejudice. The state's appeal of this disposition was not one that Section 39–3–3(B) expressly included. This court had to determine if the appeal was still viable by determining whether the state had a constitutional right to the appeal. The constitu-

tion allows appeals as of right only when " '[t]he state is aggrieved by a disposition contrary to law * * *.' " *State v. Santillanes*, 96 N.M. at 485, 632 P.2d at 362, (quoting *State v. Doe*, 95 N.M. 90, 92, 619 P.2d 194, 196 (Ct.App.1980)). Because the "disposition" at hand in *Santillanes* was a dismissal with prejudice, we read the case to only proclaim a constitutional appeal as of right from the dismissal with prejudice.

The state misreads the import of the *Santillanes* allusion to Section 39–3–3 as being a codification of the constitutional appeal as of right. We stated that Section 39–3–3 "recognizes the State's constitutional right to appeal, and identifies circumstances permitting ordinary and interlocutory appeals * * *." *State v. Santillanes*, 96 N.M. at 486, 632 P.2d at 363. By these words we meant that Section 39–3–3 recognizes the constitutional right. In addition to and apart from that recognition, the statute "identifies" particular types of appeals. The statute does not subsume interlocutory appeals with constitutional appeals as of right. We did not read the statute as doing so. The fact remains that the state does not always have a constitutional right to appeal. *See State v. Aguilar*, 95 N.M. 578, 624 P.2d 520 (1981).

Furthermore, the fact that the prosecutor must certify that a Section 39–3–3(B) appeal is not for delay and is about material evidence is a positive indication that such appeals are not constitutional appeals as of right. *See § 39–3–3(B)(2).* If the prosecutor cannot make this certification, then there is no statutory right to appeal. The certification is the legislature's way of assuring the prudence of our consideration of what is essentially an interlocutory appeal. The state does not persuade us that even if the prosecutor cannot make the proper certification there still exists a constitutional right to appeal an interlocutory order for the purposes of delay or about immaterial evidence. This court could exercise its discretion and refuse to consider such an appeal because it would be interlocutory and of isolated gravity. *See State v. Aguilar.*

*Santillanes* does not assist the state's position. Section 39–3–3(B) excepts sup-

pression order appeals from our usual discretionary consideration. N.M. Const. art. VI, Section 2 does not. We find no merit in the statement that the appeal in this case is a constitutional appeal as of right because we must consider it.

The second difficulty we have with the state's suggested arguments is that we cannot agree with the state's reading of Rule 12–202. This rule, the state points out, applies to appeals as of right and specifically refers to a certificate that the prosecutor must file with the notice of appeal. *See* § 39–3–3(B)(2). Because of this reference, the state suggests that the supreme court must have considered suppression order appeals to be appeals of right. Rule 12–202, however, does not limit its applicability to only constitutional appeals as of right. We will not say that the supreme court left such a limitation to attenuated conjecture, but would have expressly limited Rule 12–202 to that which the state argues. *Cf. Burroughs v. Board of County Comm'rs of Bernalillo County,* 88 N.M. 303, 540 P.2d 233 (1975) (courts should not read language into codified law when it makes sense as written). We find no merit in the state's reading of Rule 12–202.

This appeal is not one of constitutional right. Absent a constitutional right, the state must look to a statutory grant of appellate jurisdiction. *See* § 39–3–3(B). The statutory grant of ten days within which the state must follow mandatory notice of appeal requirements is within the legislative power. *See Ammerman v. Hubbard Broadcasting, Inc.,* 89 N.M. 307, 551 P.2d 1354 (1976), *cert. denied,* 436 U.S. 906, 98 S.Ct. 2237, 56 L.Ed.2d 404 (1978). The supreme court cannot create its own appellate jurisdiction for an extra twenty days by virtue of Rule 12–201(A). To interpret the rule in this fashion would be to assume the supreme court adopted a rule inconsistent with controlling statutory law. We will not do so. *Cf. Quintana v. New Mexico Dep't. of Corrections,* 100 N.M. 224, 668 P.2d 1101 (1983) (when interpreting statutes, courts should assume legislature did not intend to enact law inconsist-

ent with existing law). The state had to file its notice of appeal within ten days.

The state provides us with no reason to exercise our discretion in favor of hearing the merits of this appeal. Accordingly, we deny to hear this appeal on its merits. *Cf. Govich v. North Am. Sys.* (exercising discretion to consider merits when appellant failed to follow mandatory requirement of proper record designation); *State v. Duran,* 105 N.M. 231, 731 P.2d 374 (Ct.App. 1986) (exercising discretion to consider merits when appellant failed to follow mandatory requirement of timely notice of appeal).

For the reasons stated above, the state's appeal is dismissed.

IT IS SO ORDERED.

ALARID, C.J., and DONNELLY, J., concur.