**Certiorari Granted, October 12, 2012, No. 33,796**

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**Opinion Number: 2012-NMCA-107**

**Filing Date: August 8, 2012**

**Docket No. 29,868**

**STATE OF NEW MEXICO,**

      **Plaintiff-Appellant,**

**v.**

**ARMANDO VASQUEZ,**

      **Defendant-Appellee.**

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Charles W. Brown, District Judge**

Gary K. King, Attorney General
Margaret E. McLean, Assistant Attorney General
Joel Jacobsen, Assistant Attorney General
Santa Fe, NM

for Appellant

Jacqueline L. Cooper, Chief Public Defender
Eleanor Brogan, Assistant Appellate Defender
Santa Fe, NM

for Appellee

**OPINION**

**KENNEDY, Judge.**

**{1}** This case presents us with an opportunity to clarify the requirements for the State to appeal a district court order suppressing material evidence under NMSA 1978, Section 39-3-3(B)(2) (1972). Section 39-3-3(B) confers our jurisdiction to hear the State's interlocutory appeals from suppression orders as an exception to the final order doctrine while also

1

conferring a conditional right of appeal to the State. The question in this case is whether the certification language required by Section 39-3-3(B)(2) is a mandatory precondition to the exercise of this Court's jurisdiction. We hold that filing a timely notice of appeal and including the State's required certification is mandatory. We will not exercise our discretion to hear the State's appeal when the certification is lacking, absent a showing of exceptional circumstances.

{2} The State appeals from an order of the district court that excluded two of its principal witnesses the afternoon before Defendant's trial on charges of criminal sexual contact of a minor, kidnaping, and bribery of a witness. The State immediately filed its notice of appeal, which did not comply with the requirements of Section 39-3-3(B)(2). Specifically, it failed to certify that the appeal was not taken for purposes of delay and that the excluded evidence was substantial proof of a material fact in the proceedings. The State did not seek to amend its notice to include this required language until nearly a year thereafter. The State failed to assert an excuse beyond inadvertence for this failure, which is a legally insufficient excuse to justify the relief it now seeks. Because the timely filing of a notice of appeal containing the proper certification is a mandatory statutory precondition to our exercise of jurisdiction to hear the State's appeal, we dismiss the appeal.

## I.    BACKGROUND

{3} Two critical prosecution witnesses, the alleged victim and her mother, had not appeared for interviews arranged by the prosecution. Having resisted communication with the State for eight months, they ultimately refused to obey subpoenas to appear for interviews with defense counsel, which were set by the State three days before trial. On the afternoon before trial, the district court heard Defendant's motion to exclude the two witnesses from testifying, owing to the failure of the State to produce the witnesses for interviews. Following the failed interview three days prior to trial, the victim had again refused to be interviewed when the prosecutor attempted to provide an interview at her school the morning of the motion hearing. She apparently returned to class prior to Defendant's attorney's arrival at the school. This precipitated the motion being filed. In excluding the witnesses following the hearing, the district court noted that (1) the State was fully aware of the two witnesses' disinclination to testify for eight months prior to trial; (2) the defense repeatedly and unsuccessfully attempted to secure interviews with the witnesses, and the State had control over the defense's ability to contact these witnesses; and (3) the State was apathetic until the eleventh hour about enlisting any judicial remedies to assist in providing contact with the recalcitrant witnesses. On the morning of the trial, the district court denied the State's motion for reconsideration of its previous order and entered the order excluding the witnesses, which included detailed findings of fact and conclusions which the State has also sought to appeal. The court also noted that neither witness had appeared in court for the trial, despite having been subpoenaed and, in the victim's case, personally served with the subpoena. No explanation for their absence from the trial appears in the record. The court entered its order following the State's indication that it could not proceed without the absent victim.

2

**{4}** It is undisputed that the State's notice of appeal was filed the same day as the district court's order excluding the witnesses and did not contain the certification language required by the statute. An amended notice of appeal containing the required language was not filed until 344 days later on August 6, 2010. The State never requested to amend its notice, nor did it request any extensions of the filing deadline. We are not called upon to decide whether a district court can grant extensions to file a notice of appeal for an interlocutory appeal under Section 39-3-3(B)(2). The State neither sought, nor was granted, any extensions of time in which to file a sufficient notice of appeal. *See Rael v. Blair*, 2007-NMSC-006, ¶ 9, 141 N.M. 232, 153 P.3d 657 (holding that a district court could extend a deadline for filing a petition for certiorari in absence of specific language in Rule 12-201 NMRA). Defendant filed a motion to dismiss the appeal, to which the State responded. We held the motion in abeyance pending submission of the case to a panel of this Court, and we now proceed to address the motion. Since this Court's dismissal of the State's appeal is dispositive, we do not address the merits of the underlying suppression order in this Opinion.

## II. DISCUSSION

### A. The Timeliness and Certification Requirements are Mandatory Preconditions to Appellate Jurisdiction Over the Subject Matter

**{5}** At issue is whether the lack of certification language in the State's notice of appeal inhibits this Court from exercising its jurisdiction to hear the appeal. "Subject matter jurisdiction . . . implicates a court's power to decide the issue before it." *State v. Rudy B.*, 2010-NMSC-045, ¶ 14, 149 N.M. 22, 243 P.3d 726 (internal quotation marks and citation omitted), *cert. denied and remanded*, 131 S. Ct. 2098 (2011). It is clear under Section 39-3-3(B) that we have subject matter jurisdiction to decide interlocutory appeals where the State appeals from district court orders suppressing or excluding evidence because the statute provides us with the power to decide such issues. *See State v. Griego*, 2004-NMCA-107, ¶ 5, 136 N.M. 272, 96 P.3d 1192 ("We are allowed by statute to hear interlocutory appeals from non-final orders."). Nonetheless, Section 39-3-3(B)(2) provides specific requirements for such appeals, stating that the State may take an appeal

> within ten days from a decision or order of a district court suppressing or excluding evidence or requiring the return of seized property, if the district attorney certifies to the district court that the appeal is not taken for purpose of delay and that the evidence is a substantial proof of a fact material in the proceeding.

To summarize, interlocutory appeals from orders suppressing evidence must (1) be timely, and (2) contain the required certification language.

**{6}** The State maintains that its first notice of appeal was timely and sufficient to provide notice to the parties that jurisdiction had passed to the appellate court, even though the

required certification was not included. The State argues that "[b]ecause the filing of a notice of appeal is not jurisdictional, *a fortiori* the precise wording of the notice is not jurisdictional, either."[1] It further argues that, under the Rules of Appellate Procedure, such defects are to be excused in favor of hearing the appeal. For the reasons that follow, we disagree.

**{7}** "In practice we have routinely accepted appeals from pretrial suppression and exclusionary orders entered by our district courts, though we have been careful to limit such appeals to the letter of the statute." *State v. Gomez*, 2006-NMCA-132, ¶ 40, 140 N.M. 586, 144 P.3d 145 (Bustamante, C.J., Fry, J., specially concurring). Statutes, like Section 39-3-3, create our jurisdiction by designating proper courts and subject matter for appeals and set "*mandatory preconditions to the exercise of jurisdiction.*" *Trujillo v. Serrano*, 117 N.M. 273, 277, 871 P.2d 369, 373 (1994); *see Govich v. N. Am. Sys., Inc.*, 112 N.M. 226, 230, 814 P.2d 94, 98 (1991). The distinction between our subject matter jurisdiction over an appeal and mandatory preconditions to our exercise of such jurisdiction lies in the difference between our being granted the power to hear a case, and what a party must do to properly invoke our jurisdiction in bringing an appeal. *Garcia v. State*, 2010-NMSC-023, ¶ 25, 148 N.M. 414, 237 P.3d 716; *see Govich*, 112 N.M. at 230, 814 P.2d at 98 ("declin[ing] to exercise discretion to excuse or justify any improper attempt to invoke [appellate] jurisdiction" and indicating that "[i]t is probably imprecise to say [this Court] cannot exercise such discretion" to hear a case where a party has failed to meet mandatory preconditions). Mandatory preconditions to the exercise of our jurisdiction come from the "mandatory sections of our rules of appellate practice." *Id.* For example, the statutory mandates for time and place of filing the notice of appeal have previously been held to be mandatory preconditions. *See id.*, 112 N.M. at 230, 814 P.2d at 98; *State v. Dominguez*, 2007-NMCA-132, ¶ 10, 142 N.M. 631, 168 P.3d 761; *State v. Upchurch*, 2006-NMCA-076, ¶ 2, 139 N.M. 739, 137 P.3d 679; *State v. Roybal*, 2006-NMCA-043, ¶ 2, 139 N.M. 341, 132 P.3d 598.

**{8}** Like the statutory requirements for time and place of filing the notice of appeal, the certification language that "the appeal is not taken for purpose of delay and that the evidence is a substantial proof of a fact material in the proceeding" is a requirement explicitly stated in the statute enabling the State to bring its interlocutory appeal. Section 39-3-3(B)(2). The function of the language is to inform the parties and the district court that the Court of Appeals has jurisdiction over the case and to assure this Court that the appeal is not improperly taken. Because our subject matter jurisdiction under Section 39-3-3(B)(2) is limited to specific circumstances in which the district court has suppressed or excluded the

---

[1] The State also asserts that "Defendant's motion cites no authority" for the propositions that the requirements of Section 39-3-3(B)(2) are jurisdictional and that the amended notice of appeal was untimely. Defendant clearly asserted on-point authority for both propositions, concluding that "[b]ecause the State failed to comply with the [statutory] requirements," this Court lacks jurisdiction over this case. *Griego*, 2004-NMCA-107, ¶ 6.

4

State's evidence in a criminal proceeding, we decline to exercise our jurisdiction when the State's notice of appeal fails to do these two things, absent exceptional circumstances. *Dominguez*, 2007-NMCA-132, ¶ 10 (stating that this Court will excuse the failure to meet mandatory preconditions only if there are exceptional circumstances); *Griego*, 2004-NMCA-107, ¶ 5 ("[I]n order for this Court to hear the [s]tate's interlocutory appeal, the requirements of Section 39-3-3(B)(2) must be met.").

**{9}** The State argues that, under *Govich*, as long as the State's intent to appeal a specific judgment can be fairly inferred from the notice of appeal, technical deficiencies, like the absence of certification language, are not sufficient grounds for dismissal of the appeal. 112 N.M. at 230, 814 P.2d at 98. We distinguish *Govich* from the case at bar because, in *Govich*, the technical error in the notice of appeal did not violate the parties' substantive rights. In *Govich*, the Supreme Court stated that "an appeal timely filed is not to be dismissed for technical violations of Rule 12-202 [NMRA] that do not affect the substantive rights of the parties." *Govich*, 112 N.M. at 230, 814 P.2d at 98. Unlike the omission in *Govich*, the State's failure to certify that "the appeal is not taken for purpose of delay and that the evidence is a substantial proof of a fact material in the proceeding," Section 39-3-3, may affect Defendant's substantive rights, namely, Defendant's right to a speedy trial and due process.

**{10}** In *State v. Alvarez*, we stated that, "[i]f the prosecutor cannot make th[e] certification [that the Section 39-3-3(B) appeal is not for delay and is about material evidence], then there is no statutory right to appeal." *Alvarez*, 113 N.M. 82, 84, 823 P.2d 324, 326 (Ct. App. 1991); *see State v. Sanchez*, 2008-NMSC-066, ¶ 11, 145 N.M. 311, 198 P.3d 337 ("[T]he district attorney certified that the evidence is substantial proof of a fact material in the proceeding. Therefore, the State has a statutory right of appeal under Section 39-3-3(B)(2)."). We explained that "[t]he certification is the [L]egislature's way of assuring the prudence of our consideration of what is essentially an interlocutory appeal." *Alvarez*, 113 N.M. at 84, 823 P.2d at 326. Given that interlocutory appeals can derail the underlying litigation, ensuring the necessity of their immediate resolution of a critical issue is required to avoid delay and piecemeal litigation. *Candelaria v. Middle Rio Grande Conservancy Dist.*, 107 N.M. 579, 581, 761 P.2d 457, 459. As we reasoned with regard to Section 39-3-4, which governs interlocutory appeals in civil matters, "[d]istrict court certification, timely filing of the application and appellate court discretion in accepting the application all operate to ensure that the underlying purpose of interlocutory appeals is served." *Candelaria*, 107 N.M. at 581, 761 P.2d at 459. Similarly, the purpose of the certification language in Section 39-3-3(B) is ultimately to promote the progress of litigation uninterrupted by collateral or unimportant disputes and to ensure that only matters of substantive import are commended to appellate consideration in order to protect Defendant's rights. It is not merely a formalistic "think twice" step for prosecutors that the State believes it to be.

**{11}** Thus, we decline to exercise our jurisdiction when the State fails to include the necessary certification language in its notice of an interlocutory appeal from a suppression order, absent exceptional circumstances. *See Dominguez*, 2007-NMCA-132, ¶ 10 (refusing

to exercise our jurisdiction absent exceptional circumstances). In this case, the timely, but incomplete, notice of appeal was not sufficient to invoke our jurisdiction because the required certification was not included in the first notice of appeal.

**B.      The State Offers No Exceptional Circumstance to Justify the Lack of Certification Language**

**{12}**     When a mandatory precondition is not fulfilled, we will excuse such a failure "only in exceptional circumstances beyond the control of the parties, which we have determined would include errors on the part of the court." *Id.*; *see Trujillo*, 117 N.M. at 278, 871 P.2d at 374 ("Only the most unusual circumstances beyond the control of the parties . . . will warrant overlooking procedural defects."); *Upchurch*, 2006-NMCA-076, ¶ 5 (holding that, "in the absence of exceptional circumstances, we rigidly enforce the mandatory time limits for filing the notice of appeal"). In this case, the State explains that its failure to include the certification language was attributable to an "inadvertent omission." Mere inadvertence is insufficient to be an exceptional circumstance. In *Upchurch*, we concluded that the State's inadvertence in failing to meet the timeliness mandatory precondition did not constitute exceptional circumstances. *Id.* ¶¶ 2, 5. We also concluded in *Dominguez* that "the State's inadvertent oversight under the pressure of a heavy caseload [was not] an exceptional circumstance." 2007-NMCA-132, ¶ 11. Thus, mere inadvertence will be insufficient to excuse the State's failure to include the certification language in this case as well.

**{13}**     To the extent the State argues that the lack of certification language is an excusable technical defect under Rule 12-312 NMRA and that this Court "routinely exercises jurisdiction over appeals in which the notice of appeal was not timely filed," citing *State v. Duran*, 105 N.M. 231, 232, 731 P.2d 374, 375 (Ct. App. 1986), the State misconstrues our case law. Rule 12-312(C) provides that "[a]n appeal filed within the time limits provided in these rules shall not be dismissed for technical violations of Rule 12-202 which do not affect the substantive rights of the parties." The requirements contained in Rule 12-202 include filing requirements that this Court does not overlook as mere "technicalities." *See* Rule 12-202(A) (providing that a notice of appeal must be filed with the district court clerk within the time allowed by Rule 12-201"); *see also Govich*, 112 N.M. at 230, 814 P.2d at 98 (providing that the time and place of filing requirements are mandatory preconditions to the exercise of our appellate jurisdiction). Given that we have concluded that the certification language is a mandatory precondition to the exercise of our jurisdiction, the lack of certification language cannot be construed as a mere "technicality." Accordingly, the prohibition against dismissal contained in Rule 12-312(C) is inapplicable here.

**{14}**     Furthermore, in those instances where we have excused late filing without exceptional circumstances, a defendant was asserting his or her constitutional right to appeal and the failure to timely file was considered to be ineffective assistance of counsel. *See Duran*, 105 N.M. at 232, 731 P.2d at 375. The State does not have a constitutional right to appeal in this context. The State's right to appeal is set forth in Section 39-3-3(B) that requires the certification language for the State to appeal. *Alvarez*, 113 N.M. at 84, 823 P.2d

6

at 326. Moreover, we explained in *Upchurch* that, although we "routinely excuse untimely appeals of represented criminal defendants and parents whose parental rights have been terminated, presuming the ineffective assistance of counsel[, w]e do not extend the presumption to the State, however, because it does not possess the constitutional right of an accused to the effective assistance of counsel." 2006-NMCA-076, ¶ 4 (citations omitted). "Without presuming the ineffective assistance of counsel and in the absence of exceptional circumstances, we rigidly enforce the mandatory time limits for filing the notice of appeal." *Id.* ¶ 5. We also note with disapproval the State's citation to the very authority that we rejected in *Upchurch* and failure to recognize *Upchurch*'s specific rejection of its position. Therefore, we again conclude, as we did in *Upchurch*, that we cannot apply the rationale that the certification language is excusable as a technical error, or the theory of ineffective assistance of counsel to this case.

**{15}** Furthermore, to the extent that the State's argument could be construed as an assertion that procedural formalities should not outweigh its right to appeal and that an interpretation of our statutes which permits a review on the merits should be favored, such leniency in interpreting whether a party has met statutory requirements only applies where the party has a constitutional right to appeal. *Schultz ex rel. Schultz v. Pojoaque Tribal Police Dep't*, 2010-NMSC-034, ¶ 19, 148 N.M. 692, 242 P.3d 259 (excusing a late notice of appeal to favor an appeal on the merits is grounded in the constitutional right to one appeal). Thus, reliance by the State on this preference for hearing the merits of the case where the State has no constitutional right to appeal is misplaced.

**{16}** We conclude that the State has not demonstrated exceptional circumstances to justify its failure to file a compliant notice of appeal. In the absence of compliance with Section 39-3-3(B)(2), or any sufficient justification for their failure to do so in the record, we decline to exercise discretion to hear this case.

**C.      An Amended Notice of Appeal Does Not Relate Back**

**{17}** The State also asserts that the amended notice of appeal filed in the district court, which contained the prosecutor's certification, was sufficient to relate back to the first notice, so as to excuse the "technical violation" of the statute. The State cites to Rule 1-015 NMRA for the proposition that its amended notice of appeal filed 344 days later can relate back to its first notice of appeal. Although there are similar concepts at play with regard to the relation back involved in an amended civil pleading, relating back to the party's first pleading under Rule 1-015, we decline to apply the policy behind a rule of civil procedure to this criminal appeal. As we have indicated above, Defendant's speedy trial and due process rights are at issue in granting the State's interlocutory appeal. Those same constitutional interests are not at play in a civil case where the doctrine of relation back is applied at trial under Rule 1-015.

**{18}** Moreover, the State has not provided us with any authority that applies a similar rule of civil procedure to a criminal appeal. The State cites a number of United States Supreme

Court cases, all civil and none of which apply the concept of relation back to a situation similar to the case at bar. *See Scarborough v. Principi*, 541 U.S. 401, 417-18 (2004) (applying relation back to an attorney fee application); *Edelman v. Lynchburg Coll.*, 535 U.S. 106, 116 (2002) (applying relation back to a Title VII discrimination complaint); *Becker v. Montgomery*, 532 U.S. 757, 761-62 (2001) (applying relation back to the signature requirement on a prisoner's pro se civil rights complaint). Therefore, we decline to apply the relation back doctrine to this appeal.

## III.    CONCLUSION

**{19}**    For the reasons stated above, we decline to exercise our jurisdiction to hear this appeal. The motion to dismiss is granted.

**{20}    IT IS SO ORDERED.**

_____
**RODERICK T. KENNEDY, Judge**

**WE CONCUR:**

_____
**MICHAEL E. VIGIL, Judge**

_____
**TIMOTHY L. GARCIA, Judge**

**Topic Index for *State v. Vasquez*, No. 29,868**

**APPEAL AND ERROR**
Certification
Interlocutory Appeal
Notice of Appeal
Timeliness of Appeal

**CRIMINAL PROCEDURE**
Final Order
Motion to Suppress

**JURISDICTION**
Appellate Jurisdiction
Subject Matter