This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

     Plaintiff-Appellant,

**v.**                                        **No. 32,424**

**JUAN CARLOS MARTINEZ,**

     Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Douglas R. Driggers, District Judge**

Gary K. King, Attorney General
M. Victoria Wilson, Assistant Attorney General
Santa Fe, NM

for Appellant

Bennet J. Bauer, Acting Chief Public Defender
Santa Fe, NM

for Appellee

**MEMORANDUM OPINION**

**FRY, Judge.**

     Plaintiff appeals from the district court's amended order granting Defendant's

motion to exclude. [RP 353] The State's notice of appeal [RP 356] was timely filed

pursuant to NMSA 1978, Section 39-3-3(B)(2) (1972) (providing that the State may

appeal "within ten days from a decision or order of a district court suppressing or excluding evidence or requiring the return of seized property, if the district attorney certifies to the district court that the appeal is not taken for purpose of delay and that the evidence is a substantial proof of a fact material in the proceeding"). Although timely filed within ten days of the order, it is not properly certified. [Id.] The State then filed an amended notice of appeal that indicates that the State is appealing pursuant to Section 39-3-3(B)(2), and that the appeal is not taken for the purpose of delay and that the evidence excluded is substantial proof of a material fact. [RP 363] Although the amended notice of appeal is properly certified, it is not timely filed within ten days of the order.

The calendar notice proposed to dismiss the State's appeal pursuant to this Court's recent opinion in *State v. Vasquez*, 2012-NMCA-107, ¶¶ 1-2, 288 P.3d 520, *cert. granted*, 2012-NMCERT-010, ___ P.3d ___ (holding that the filing a timely appeal and the inclusion of the certification that "the appeal is not taken for purposes of delay and that the evidence [that has been suppressed] is a substantial proof of a fact material in the proceeding" in the state's notice of appeal are mandatory preconditions to the exercise of this Court's jurisdiction to hear the state's appeal and this Court will not exercise its discretion to hear the state's appeal when the certification is lacking, absent a showing of exceptional circumstances beyond

inadvertence). In *Vasquez*, we also held that "the relation back doctrine" does not apply to allow the amended notice of appeal to relate back to the first notice of appeal for purposes of timeliness. 2012-NMCA-107, ¶¶ 17-18.

In its memorandum in opposition to the calendar notice, the State essentially does not deny that *Vasquez* is dispositive, but insists that *Vasquez* is wrongly decided and asks this Court to reconsider it. [MIO] The State also summarizes the arguments and authorities that it provided to the New Mexico Supreme Court in its petition for writ of certiorari in *Vasquez*, which the Supreme Court granted. We decline to reconsider *Vasquez* or overrule it, and we hold that *Vasquez* is currently the controlling law for purposes of deciding this case. *See, e.g.*, *Gulbransen v. Progressive Halcyon Ins. Co.*, 2010-NMCA-082, ¶ 13, 148 N.M. 585, 241 P.3d 183 (stating that a formal Court of Appeals opinion is controlling authority, even when the Supreme Court has granted certiorari in the case), *cert. denied*, 2010-NMCERT-008, 148 N.M. 942, 242 P.3d 1288. Other than contending that *Vasquez* should be overruled, which we decline to do, the State does not indicate any exceptional circumstances that would warrant this Court's overlooking the State's failure to comply with the mandatory preconditions to this Court's exercise of jurisdiction in this case. *Vasquez*, 2012-NMCA-107, ¶ 2 (stating that the state's failure to assert an

3

excuse beyond inadvertence is legally insufficient to justify its failure to comply with the mandatory preconditions to this Court's jurisdiction).

We dismiss the State's appeal.

**IT IS SO ORDERED.**

_____

**CYNTHIA A. FRY, Judge**

**WE CONCUR:**

_____

**JAMES J. WECHSLER, Judge**

_____

**LINDA M. VANZI, Judge**

4