IN THE SUPREME COURT OF THE STATE OF NEW MEXICO

Opinion Number:  2010-NMSC-010

Filing Date:  April 4, 2014

Docket No. 33,796

STATE OF NEW MEXICO,

      Plaintiff-Petitioner,

v.

ARMANDO VASQUEZ,

      Defendant-Respondent.

and

Docket No. 33,870

STATE OF NEW MEXICO,

      Plaintiff-Petitioner,

v.

ARMANDO PEREZ,

      Defendant-Respondent.

**ORIGINAL PROCEEDINGS ON CERTIORARI**
**Charles W. Brown and Henry R. Quintero, District Judges**

Gary K. King, Attorney General
Margaret E. McLean, Assistant Attorney General
Joel Jacobsen, Assistant Attorney General
Santa Fe, NM

for Petitioner

Jorge A. Alavarado, Chief Public Defender
Mary Barket, Assistant Appellate Defender

1

Santa Fe, NM

for Respondent Armando Vasquez

Nina Lalevic, Assistant Appellate Defender
Santa Fe, NM

for Respondent Armando Perez

## OPINION

**BOSSON, Justice.**

**{1}** In a criminal prosecution, when the court suppresses the State's evidence before trial, the State would be denied any appellate review if there were no mechanism for interlocutory appeal, because double jeopardy would bar a State's appeal after trial. However, if the State were allowed to appeal every decision to suppress evidence, no matter how trivial, then interminable delays might prejudice the accused's constitutional rights to a speedy trial and due process of law. To balance these important principles, our statutes require the State to certify to the district court what are essentially the bona fides of its interlocutory appeal. The State may file an interlocutory appeal "from a decision or order . . . suppressing or excluding evidence . . . if the district attorney certifies to the district court that the appeal is not taken for purpose of delay and that the evidence is a substantial proof of a fact material in the proceeding." NMSA 1978, § 39-3-3(B)(2) (1972). Our appellate rules then require the State to include the certification with its notice of interlocutory appeal.[1] *See* Rule 12-202(D)(1) NMRA.

**{2}** The question in this appeal is, what happens when the State forgets? What happens when the prosecutor files the interlocutory appeal yet neglects to make a timely certification to the district court or fails to attach a copy of the certification to its notice of appeal? What should happen is the imposition of sanctions upon any attorney who fails to read the law and follow the rules of this Court, something that did not occur in the two cases before us. What should *not* happen is outright dismissal of the interlocutory appeal for lack of jurisdiction, something that did occur in these cases. Accordingly, we reverse those dismissals and remand to the Court of Appeals for further proceedings in the course of entertaining these

---

[1]Rule 12-202(D)(1) states that "a notice of appeal by the state under Section 39-3-3(B)(2) NMSA 1978 shall also include the certificate of the district attorney required by the statute." We note that the requirement may be met by including the required certification language in the notice of appeal *or* by attaching a copy of the district court certification to the notice of appeal. Throughout this opinion, when we speak of attaching a copy of the certification, we also include the alternative of including the certification language in the notice of appeal.

2

appeals.

## BACKGROUND

**{3}** We have consolidated *State v. Vasquez*, 2012-NMCA-107, 288 P.3d 520, and *State v. Perez*, No. 31,678, mem. op. (N.M. Ct. App. Sept. 19, 2012) (non-precedential), because they present the same issue. In discussing the cases below, we note where the facts of *Perez* differ from those of *Vasquez*.

### State v. Vasquez

**{4}** Armando Vasquez was indicted for criminal sexual contact of a minor child (two counts), kidnapping based on the intent to commit a sexual offense (one count), and bribery of a witness by threat (one count). He was arraigned on September 8, 2008 and confined. The State filed a witness list that included two critical witnesses: the minor child and her mother. Vasquez's trial was set for Monday, August 31, 2009.

**{5}** On Friday, August 28, 2009, Vasquez made an oral motion to exclude the testimony of these two witnesses because defense counsel had not been able to interview them. The prosecutor had scheduled an interview of the minor the week before trial but she did not appear, despite being subpoenaed. The day the oral motion was made, both defense counsel and the prosecutor went to the child's school to attempt to interview her, but she refused to speak with them. The child's mother was never interviewed or personally served, but a subpoena requiring her to appear for trial was posted at her residence. The district court granted the motion to exclude these two witnesses.

**{6}** On the day of trial, the State made a motion to reconsider, which the court denied. The prosecutor then informed the court and Vasquez that the State would file an interlocutory appeal from the decision to exclude these two witnesses, which the State promptly did with the district court. However, the notice of appeal did not contain the district attorney's certification to the district court that the appeal was not taken for the purpose of delay and the suppressed evidence was a substantial proof of a material fact.

**{7}** The Court of Appeals originally proposed summary affirmance, but after the State submitted a memorandum in opposition the case was assigned to the general calender. On August 6, 2010, almost a year after taking its interlocutory appeal and the day after filing its brief in chief, the State submitted an amended notice of appeal which included the certification language that "[t]he appeal is not taken for purpose of delay and the evidence excluded is a substantial proof of a fact material in the proceeding." Additionally, the amended notice declared that it "relates back to the original notice of appeal filed August 31, 2009." This occurred before the appellate court heard the State's appeal.

**{8}** Almost eight months later, on April 8, 2011, Vasquez moved the Court of Appeals to dismiss the appeal for lack of jurisdiction because of the State's certification failures. His

answer brief repeated the jurisdictional argument. Vasquez moved the Court of Appeals to supplement the record on appeal to include the amended notice of appeal, which the Court of Appeals granted. On August 8, 2012, after oral argument, the Court of Appeals filed its opinion dismissing the appeal for lack of jurisdiction. *See Vasquez*, 2012-NMCA-107. The State petitioned for certiorari.

**State v. Perez**

{9}     Armando Perez waived arraignment and pled not guilty to criminal sexual penetration of a minor (eight counts), criminal sexual contact of a minor (five counts), and contributing to the delinquency of a minor (one count). Before trial, the district court ordered a competency evaluation of the minor. Based on that evaluation, the court found that the minor was not competent during the preliminary examination, and thus, the court excluded the minor from testifying at trial and suppressed all her previous statements.

{10}    The State filed a notice of interlocutory appeal, but failed to include the certification language. The Court of Appeals proposed summary dismissal because the State did not "provide[] certification that the appeal is not [taken] for purposes of delay, nor does it address whether the suppressed evidence is material to the proceeding." The Court of Appeals' proposed summary dismissal also provided:

> If, however, within the time before [Perez]'s memorandum in opposition to our notice is due, the State acquires from the district court a new order from which to appeal, files a supplemental notice of appeal that satisfies Section 39-3-3(B)(2), and provides [the Court of Appeals] with copies thereof, and [the Court of Appeals] is satisfied that dismissal is no longer merited, then [the Court of Appeals] will proceed to calendar this case on the merits.

{11}    After this notice from the Court of Appeals, the district court issued an amended order, stating "THE COURT FURTHER FINDS that the appeal is not taken for the purpose of delay and that the evidence excluded is substantial proof of a fact material in the proceeding." The State included the district court's amended order (with the certification language) in its amended notice of appeal, on February 17, 2012. Unfortunately, the State did not include its own certification language in its amended notice of appeal. That language finally was included in the second amended notice of appeal filed March 6, 2012, seven days after the deadline imposed by the Court of Appeals in its notice of proposed summary disposition.

{12}    The Court of Appeals dismissed the appeal based on its holding in *Vasquez*, because the notice of appeal lacked the "necessary certification language," and the State failed to demonstrate the existence of any exceptional circumstance that would warrant the court's exercise of its discretionary jurisdiction to hear the appeal. *Perez*, No. 31,678, mem. op. ¶¶ 4-6.

**DISCUSSION**

**{13}** Section 39-3-3(B)(2) permits the State to take an interlocutory appeal from the suppression of important evidence and states:

> In any criminal proceeding in district court an appeal may be taken by the state to the supreme court or court of appeals, as appellate jurisdiction may be vested by law in these courts . . . within ten days from a decision or order of a district court suppressing or excluding evidence . . . if the district attorney certifies to the district court that the appeal is not taken for purpose of delay and that the evidence is a substantial proof of a fact material in the proceeding.

Section 39-3-3(B)(2) allows the State to appeal the suppression of evidence important to its case, because the State may not appeal that ruling after a final judgment in favor of the accused. *See* U.S. Const. amend. V (providing protection from double jeopardy); *see also* N.M. Const. art. II, § 15 (providing protection from double jeopardy). However, the State's right to appeal is not absolute—the statute limits this right by requiring the district attorney's certification. This limitation balances the State's interest in prosecuting the accused against the accused's right to due process and a speedy trial. *See* U.S. Const. amend. V (providing due process protection); *see also* U.S. Const. amend. VI (providing the right to a speedy trial); N.M. Const. art. II, § 14 (providing the right to a speedy trial); N.M. Const. art. II, § 18 (providing due process protection).

**{14}** This Court must determine whether New Mexico law bars appellate review, absent exceptional circumstances, when the State timely files its notice of appeal but fails to make the necessary certification to the district court or attach a copy to the notice of appeal, particularly when the State substantially corrects the omission, as it did in both these cases.

**{15}** The Court of Appeals held that the failure to include a copy of the statutory certification to a notice of appeal, as required by our appellate rules, violates a mandatory precondition to that appeal, one that must be satisfied before the appellate court may hear the appeal. The State argues, however, that attaching a copy of the certification is not a mandatory precondition and can be corrected in the manner of a technical deficiency. Although we are more inclined to agree with the State's position, neither view accurately captures the essence of either the statutory certification or its inclusion in the notice of appeal.

**Certification is Neither a Jurisdictional Limitation Nor a Mandatory Precondition**

**{16}** These defendants argue that the certification requirement either defines subject matter jurisdiction or establishes a mandatory precondition to an interlocutory appeal. Therefore, the argument goes, when the State fails to attach the certification to the notice of appeal, the appellate court has no jurisdiction to hear the appeal. The defendants are

5

incorrect; this is most assuredly *not* a question of subject matter jurisdiction.

**{17}** Our Legislature has granted the Court of Appeals subject matter jurisdiction over *all* criminal appeals, *except* those that result in a life or death sentence. *See* NMSA 1978, § 34-5-8(A)(3) (1983) (providing the Court of Appeals with "jurisdiction to review on appeal . . . criminal actions, except those in which a judgment of the district court imposes a sentence of death or life imprisonment"). These two appeals fall within the broad statutory grant of appellate jurisdiction to the Court of Appeals.

**{18}** Section 39-3-3(B)(2) does not limit the Court of Appeals' subject matter jurisdiction either expressly or implicitly. More precisely, it provides the State with a statutory right to file an interlocutory appeal from a district court's suppression or exclusion of evidence, a decision that would otherwise be unappealable. *Id.* If (1) the appeal is filed within ten days of the decision, (2) the decision suppresses or excludes evidence, and (3) the district attorney certifies *to the district court* that the appeal is not taken to delay the trial and that the evidence is substantial proof of a material fact, then the State has the right to an interlocutory appeal. *Id.*

**{19}** Section 39-3-3(B)(2) requires that the district attorney make the certification to the district court, not the Court of Appeals, to inform the district court that the appeal is justifiably taken. The statute does not even require the district court to agree with the certification, unlike interlocutory appeals in civil cases. *See* NMSA 1978, § 39-3-4 (stating that the *district court* may allow an interlocutory appeal in civil cases). Our appellate rules, specifically Rule 12-202(D)(1), require the State to provide a copy of that certification with the notice of appeal, nothing more.

**{20}** The record before us does not indicate in either case whether the district attorney actually made the proper certification to the district court independently of the notice of appeal. It appears that at least in the case of Perez the district attorney may have done so, either orally or in writing, because the district court included its own findings consistent with the certification language in its amended order, thereby going beyond what the statute requires. We do know, however, that our appellate rule was not satisfied in either instance. Rule 12-202(D)(1) requires that "when applicable . . . a notice of appeal by the state under Section 39-3-3(B)(2) NMSA 1978 shall also include the certificate of the district attorney required by the statute." The question before this Court then is whether the Rules of Appellate Procedure establish a mandatory precondition that a copy of the district attorney's certification be attached to a notice of appeal before the appellate court's jurisdiction is properly invoked.

**{21}** This Court has held that filing requirements of Rule 12-202(A) pertaining to time and place are mandatory preconditions. *See Govich v. N. Am. Sys., Inc.*, 1991-NMSC-061, ¶ 12, 112 N.M. 226, 814 P.2d 94. Regarding the other requirements imposed by Rule 12-202, however, we have observed that failing to comply with the required content of the notice of appeal is not fatal to invoking appellate review, "if the intent to appeal a specific judgment

6

fairly can be inferred from the notice of appeal and if the appellee is not prejudiced by any mistake." *Govich*, 1991-NMSC-061, ¶ 13; *see also* Rule 12-202(B) (providing the required contents of a notice of appeal). We have fashioned a specific appellate rule to ensure that technical violations do not overshadow the need to decide appeals on their merits. Rule 12-312(C) NMRA ("An appeal filed within the time limits provided in these rules shall not be dismissed for technical violations of Rule 12-202 which do not affect the substantive rights of the parties.").

**{22}** Technical violations that are not mandatory preconditions include partially omitting or providing incorrect information that is specifically required in the notice of appeal. "[T]he specificity requirements . . . are meant to inform the appellee and the court of the scope of the appellate proceeding[s] by delineating the ruling from which [the] appeal is taken." *Id.* ¶ 13. The specified information is important and should be included in the original notice of appeal. However, our policy to reach the merits of an appeal is "vindicated if the intent to appeal a specific judgment fairly can be inferred from the notice of appeal and if the appellee is not prejudiced by any mistake." *Id.*

**{23}** *Govich* involved two notices of appeal, one from a partial summary judgment and one from an order dismissing Govich from the case. *Govich*, 1991-NMSC-061, ¶¶ 10-11. The first notice of appeal, from the partial summary judgment, was not a final order, and therefore, Govich could not properly appeal from that judgment. *Id.* ¶ 10. The second appeal, from the dismissal, was filed without attaching the partial summary judgment order, and thus, the Court had to determine whether the second notice conferred jurisdiction over both the partial summary judgment order and the dismissal order, or only over the dismissal order. *Id.* ¶ 11.

**{24}** Reviewing the record, this Court determined "that [Govich's] intent to appeal the [partial summary judgment could] be fairly inferred from their submissions and that [the other party] was not prejudiced by any mistake." *Id.* ¶ 14. We held that the second appeal was "the functional equivalent" of a timely filed notice of appeal of both orders. *Id.* While Govich did not amend the second notice of appeal, this Court effectively treated it as if he had. *Govich* involved a civil matter, but its analysis is directly applicable to the issue before this Court.

**{25}** With this background in mind, we now turn to the present appeals. In *Vasquez*, the Court of Appeals described attaching a copy of the district attorney's certification to the notice of appeal as a mandatory precondition, "[b]ecause [the court's] subject matter jurisdiction under Section 39-3-3(B)(2) is limited." *See Vasquez*, 2012-NMCA-107, ¶ 8 (declining to exercise jurisdiction absent exceptional circumstances when the certification was not attached). The Court came to the same conclusion in *Perez.* As discussed above, however, the statute does not limit the Court of Appeals' general subject matter jurisdiction over all criminal appeals not involving a sentence of death or life imprisonment. More precisely, Section 39-3-3(B)(2) provides the State with a statutory right to an interlocutory appeal "as appellate jurisdiction may be vested by law" and specifies certain conditions.

Those conditions do not limit the court's appellate jurisdiction; the Court of Appeals' reasoning on this point does not persuade us.

**{26}** Rule 12-202(D) does not establish a mandatory precondition to an appeal. The purpose of the rule is to assure the appellate court that the statutorily required certification has been made, not to limit the State's right to appeal. The Court of Appeals was understandably concerned that not requiring the district attorney to attach the certification "may affect [d]efendant's substantive rights, namely, [d]efendant's right to a speedy trial and due process." *Vasquez*, 2012-NMCA-107, ¶ 9. Thus, dilatory or frivolous appeals may undermine the purpose of the statute, which the Court of Appeals correctly observed is "to promote the progress of litigation uninterrupted by collateral or unimportant disputes and to ensure that only matters of substantive import are commended to appellate consideration." *Id*. ¶ 10.

**{27}** However, instead of summarily dismissing an appeal that *may* affect a defendant's substantive rights, the better policy is to assess the circumstances of each case and hear the appeal when (1) the intent to appeal a specific judgment can be fairly inferred, and (2) the defendant is not prejudiced by any technical error or mistake. *See Govich*, 1991-NMSC-061, ¶ 13 (discussing the inquiry for technical violations of Rule 12-202). A review of the record in these two appeals demonstrates the wisdom of a case-by-case analysis.

**{28}** In *Vasquez*, the importance of the excluded witnesses to the State's case—the alleged victim and her mother—was obvious. Far from being brought for the purpose of delay, the State could not proceed with its prosecution without these witnesses, and no one claims otherwise. The district attorney informed the district court and Vasquez in open court that the State would appeal the decision excluding these two witnesses. The State informed the court, with defense counsel present, that without the testimony of the victim it would be unable to proceed.

**{29}** Nothing in the record suggests that either the district court or Vasquez was *not* aware of the gravity of the court's decision to the State's case. In fact, the court waited for the prosecutor to confer with a supervisor about filing an interlocutory appeal before the court determined how it would proceed. The State timely filed the notice of appeal that same day. Therefore, we are satisfied that the State's intent to appeal the exclusion can be fairly inferred from the record and that Vasquez was not prejudiced by the district attorney's failure to attach a copy of the certification to the notice of appeal.

**{30}** To cure its mistake, the day after filing its brief in chief with the Court of Appeals but before the case was heard by that Court, the State submitted an amended notice of appeal, with the certification language that "[t]he appeal is not taken for purpose of delay and the evidence excluded is a substantial proof of a fact material in the proceeding." Additionally, the amended notice stated that it "relates back to the original notice of appeal filed August 31, 2009." We need not determine in this case whether the actions taken by the State to rectify its error would be sufficient in every instance. Under the factual

8

circumstances in this case, the State's measures were adequate.

**{31}** In *Perez*, the State also filed a notice of appeal and failed to include the certification language. The Court of Appeals proposed summary dismissal of the appeal, but allowed the State an opportunity to amend the notice of appeal. The district court issued an amended order and made its own findings that the appeal was not taken for the purpose of delay and that the evidence excluded amounted to substantial proof of a fact material to the proceeding. The State included the district court's amended order (with the certification language) in its first amended notice of appeal. Unfortunately, the district attorney's certification was omitted from the notice of appeal and was not filed until seven days after the deadline imposed by the Court of Appeals in its proposed summary disposition.

**{32}** Even so, we are satisfied that the State's intent to appeal the exclusion can be fairly inferred from the record and that Perez was not prejudiced by the district attorney's failure to attach a copy of the certification to the notice of appeal. It is difficult to see how the statutory purpose was not accomplished when the court issued an order finding the statutorily required conditions, and that order was included in the notice of appeal. To dismiss an otherwise appropriate appeal based solely on the district attorney's failure to provide the certification in the original notice of appeal in the right location, seems be the essence of a technicality, which we have repeatedly stated is disfavored without proof of prejudice to a party's substantive rights. *Govich*, 1991-NMSC-061, ¶ 13; *see also* Rule 12-312(C).

**{33}** Here, Perez's substantive rights were not affected—the decision the district attorney was appealing was clear, the notice of appeal was timely, the appeal was not taken for an improper motive; Perez was not prejudiced and does not claim otherwise. In this case as well, we do not determine whether the actions taken by the State to rectify its error would be acceptable in every case. Here, it was enough to assure the appellate court that the purpose of the certification was accomplished.

**Sanctions Are an Appropriate Means to Ensure Compliance with Rule 12-202**

**{34}** While we hold that these appeals should not have been dismissed, we do share the Court of Appeals' concern that failure to enforce the statute and our rule as written would invite disrespect and frustrate their remedial purpose. *See Vasquez*, 2012-NMCA-107, ¶ 10 (analyzing the certification as a means to provide the appellate court with assurance that it is prudent to consider the appeal). However, appellate courts are not without tools to address this challenge without dismissing an otherwise valid appeal:

> For any failure to comply with these rules or any order of the court, the appellate court may, on motion by appellant or appellee or on its own initiative, take such action as it deems appropriate in addition to that set out in Paragraphs A and B of this rule, including but not limited to citation of counsel or a party for contempt, refusal to consider the offending party's

9

contentions, assessment of fines, costs or attorney fees or, in extreme cases, dismissal or affirmance.

Rule 12-312(D). By "taking such action as it deems appropriate" against the offending attorneys instead of refusing to exercise jurisdiction over an otherwise appropriate appeal, the court can best balance the competing policies at stake. We observe that in both cases presently before us, sheer neglect on the part of the prosecution has now cost years of delay and a waste of limited resources. Individual sanctions might well have been appropriate, while at the same time preserving the State's important right to appeal dispositive evidentiary rulings.

{35}     Although we have considered imposing sanctions in both *Vasquez* and *Perez*, we exercise restraint in not doing so, this being the first time this Court has had an opportunity to address the specific statute and rule in this context. Henceforth, however, prosecutors are on fair notice. That notice includes every elected district attorney in this State, as the public official ultimately responsible for implementing forms and procedures to ensure compliance with our rules.

**CONCLUSION**

{36}     We reverse the Court of Appeals and remand for further proceedings consistent herewith.

{37}     **IT IS SO ORDERED.**

_____
**RICHARD C. BOSSON, Justice**

**WE CONCUR:**

_____
**PETRA JIMENEZ MAES, Chief Justice**

_____
**EDWARD L. CHÁVEZ, Justice**

_____
**CHARLES W. DANIELS, Justice**

_____
**BARBARA J. VIGIL, Justice**

**Topic Index for *State v. Vasquez*, Nos. 33,796/33,870**

**APPEAL AND ERROR**
Certification
Interlocutory Appeal
Prejudicial Error

**CONSTITUTIONAL LAW**
Double Jeopardy
Due Process
Speedy Trial

**CRIMINAL PROCEDURE**
Double Jeopardy
Motion to Suppress
Right to a Speedy Trial
Prejudice
Sanctions

**EVIDENCE**
Suppression of Evidence

**JURISDICTION**
Subject Matter