This memorandum opinion was not selected for publication in the New Mexico Appellate Reports.  Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions.  Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**
**HUMAN SERVICES DEPARTMENT,**
**CSED**,

    Petitioner-Appellee,

                              **NO. 34,644**

**JOSEFINA LUJAN,**

    Co-Respondent-Appellee,
and

**LAURO BORUNDA,**

    Co-Respondent-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Darlene Marsh, District Judge**

Josefina Lujan
Bloomfield, NM

Pro Se Appellee

New Mexico Human Services Department
Larry Heyeck
Santa Fe, NM

for Appellee NMCSED

Santiago E. Juarez
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**VIGIL, Chief Judge.**

{1}     Co-Respondent-Appellant Lauro Borunda (Appellant) seeks to appeal from a final judgment in the underlying proceedings. We previously issued a notice of proposed summary disposition, proposing to dismiss for failure to timely file notice of appeal. Appellant has filed a memorandum in opposition. After due consideration, we remain unpersuaded. We therefore dismiss.

{2}     Appellant does not dispute the fact that he filed his notice of appeal in excess of four months late. As we previously observed, appeals are not typically entertained under such circumstances. *See, e.g., Chavez v. U-haul Co. of N.M., Inc.*, 1997-NMSC-051, ¶¶ 19-23, 124 N.M. 165, 947 P.2d 122 (hearing an appeal where notice was filed fifty-eight minutes late, but declining to hear an appeal filed thirty days late).

{3}     We understand Appellant to suggest that a notice of appeal that was filed in connection with a prior appeal should be regarded as sufficient. [MIO 2] However, insofar as that appeal was previously dismissed and mandate was issued, it has no bearing on the instant matter.

{4}     Alternatively, we understand Appellant to contend that his filing of a motion to reinstate should be deemed sufficient. [MIO 2] Although we occasionally give other documents the effect of a notice of appeal, we only do so if the documents comply with the time and place of filing requirements. *See generally* Rule 12-201(A)(2) NMRA (providing that a notice of appeal must be filed within thirty days after entry of the final judgment or order of the district court); Rule 12-202(A) NMRA (providing that appeals "shall be taken by filing a notice of appeal with the district court clerk") *and see, e.g., Govich v. N. Am. Sys., Inc.*, 1991-NMSC-061, ¶ 12, 112 N.M. 226, 814 P.2d 94 (stating a "policy of facilitating the right of appeal by liberally construing technical deficiencies in a notice of appeal *otherwise satisfying the time and place of filing requirements*" (emphasis added)). Because Appellant's motion to reinstate was filed with this Court rather than the district court, [MIO 2] and because we find no indication that the motion was filed within the applicable thirty-day period, it is not an adequate substitute for a notice of appeal.

{5}     We understand Appellant to further suggest that his failure to file a timely notice of appeal with the district court should be characterized as a "technical" violation of Rule 12-202 NMRA, such that Rule 12-312(C) NMRA should apply. [MIO 2] However, violations of mandatory preconditions to the exercise of appellate jurisdiction, such as the time and place of filing requirements, cannot be characterized

as "technical violations" to which Rule 12-312(C) is addressed. *See State v. Vasquez*, 2014-NMSC-010, ¶¶ 21-22, 326 P.3d 447 (distinguishing between mandatory preconditions to the exercise of appellate jurisdiction and technical violations, relative to the application of Rule 12-312(C)).

{6}     Finally, Appellant urges the Court to consider the merits pursuant to its inherent authority. [MIO 2-3] However, insofar as Appellant has failed to make the requisite showing of "the most unusual circumstances beyond the control of the parties." *Clinesmith v. Temmerman*, 2013-NMCA-024, ¶ 37, 298 P.3d 458 (alterations, internal quotation marks, and citation omitted), we decline the invitation.

{7}     Accordingly, for the reasons stated above and in the notice of proposed summary disposition, we dismiss.

{8}     **IT IS SO ORDERED.**


_____
**MICHAEL E. VIGIL, Chief Judge**

**WE CONCUR:**


_____
**MICHAEL D. BUSTAMANTE, Judge**

4

_____

**TIMOTHY L. GARCIA, Judge**