This decision was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Please also note that this electronic decision may contain computer-generated errors or other deviations from the official paper version filed by the Supreme Court and does not include the filing date.

# IN THE SUPREME COURT OF THE STATE OF NEW MEXICO

**Filing Date: September 12, 2013**

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

v.                                                             **NO. 34,187**

**CHARLES SUSKIEWICH,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF TAOS COUNTY**
**James A. Hall, District Judge**

Gary K. King, Attorney General
Olga Serafimova, Assistant Attorney General
Santa Fe, NM

for Appellant

Coberly & Attrep, L.L.L.P.
Todd A. Coberly
Santa Fe, NM

Egolf, Ferlic, & Day, L.L.C.
John W. Day
Santa Fe, NM

for Appellee

**DECISION**

**CHÁVEZ, Justice.**

{1}     The district court granted Defendant Charles Suskiewich's motion to suppress evidence. The State is permitted by both statute and procedural rule to appeal a district court order suppressing evidence within ten days after the order is filed. *See* NMSA 1978, § 39-3-3(B)(2) (1972); Rule 12-201(A)(1) NMRA. The State may also ask the district court to reconsider its ruling. In this case, we discuss the procedure for the State to seek (1) a district court's reconsideration of a suppression order while at the same time preserving its right to appeal the suppression order, and (2) whether the State adhered to the statutory procedure in this case. We hold that the State may ask the district court to reconsider a suppression order while at the same time preserving the State's right to appeal the suppression order, provided that the State files its motion to reconsider within ten days of the filing of the suppression order. In this case, the State filed its motion to reconsider after the ten-day time period had expired, and therefore, although the district court could still reconsider the suppression order, the State failed to preserve its right to appeal. We therefore dismiss the appeal as untimely filed.

**BACKGROUND**

{2}     On January 19, 2012, a grand jury indicted Defendant on one count of first-

2

degree murder, one count of tampering with evidence, and one count of receiving stolen property. On July 27, 2012, Defendant filed a motion to suppress "(1) all statements made by [Defendant] before he was given warnings pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1966); (2) the physical evidence of a gun; and (3) the custodial interrogation of [Defendant]." The district court held an evidentiary hearing on Defendant's motion and entered an order on December 6, 2012, granting the motion.

{3}    On January 4, 2013, the State filed a motion asking the district court to reconsider the suppression order. On February 15, 2013, the case was reassigned to a new judge, who denied the State's motion to reconsider on April 9, 2013, on the ground that the State had failed to establish that any of the prior judge's rulings were clearly erroneous or manifestly unjust.

{4}    Nine business days later, on April 22, 2013, the State filed a notice of appeal to the Court of Appeals "from the Order Denying the State's Motion to Reconsider." The appeal was transferred from the Court of Appeals to this Court on June 5, 2013. *See State v. Smallwood*, 2007-NMSC-005, ¶ 11, 141 N.M. 178, 152 P.3d 821 (concluding "that the legislature intended for [this Court] to have jurisdiction over interlocutory appeals in situations where a defendant may possibly be sentenced to life

3

imprisonment or death"); *see also* NMSA 1978, § 34-5-10 (1966) ("No matter on appeal in the supreme court or the court of appeals shall be dismissed for the reason that it should have been docketed in the other court, but it shall be transferred by the court in which it is filed to the proper court.").

{5}     On June 13, 2013, Defendant filed a motion to dismiss the State's appeal, arguing that the appeal was neither timely nor authorized by Section 39-3-3. In response, the State asks this Court to deny Defendant's motion to dismiss because (1) motions to reconsider should be encouraged in order to further judicial economy, and (2) Defendant waived his objection to the timeliness of the State's appeal because he failed to object in the district court to the timing of the State's motion for reconsideration, which was filed outside of the ten-day appeal period permitted by Section 39-3-3(B)(2). In reply, Defendant contends that this Court lacks jurisdiction to consider the merits of the State's untimely appeal.

**DISCUSSION**

{6}     Defendant argues that the State's appeal should be dismissed because (1) no statutory or constitutional provision grants the State a right to appeal the district court's denial of a motion to reconsider, and (2) even if the State's appeal is construed as an appeal from the underlying suppression order, the appeal is untimely. We review

4

de novo whether the State's notice of appeal is effective and timely under the statutes and procedural rules governing appeals from suppression orders. *See State v. Hall*, 2013-NMSC-001, ¶ 9, 294 P.3d 1235 ("Interpretation of a statute is an issue of law that we review de novo."); *Grygorwicz v. Trujillo*, 2009-NMSC-009, ¶ 7, 145 N.M. 650, 203 P.3d 865 ("Determining whether Defendant's appeal was timely involves the interpretation of court rules, which we review de novo.").

{7} "Generally, the State cannot appeal proceedings from a judgment in favor of the defendant in a criminal case absent a constitutional provision or statute conferring that right." *State v. Sanchez*, 2008-NMSC-066, ¶ 7, 145 N.M. 311, 198 P.3d 337 (internal quotation marks and citations omitted). Defendant argues that the State's appeal in this case must be dismissed because the State has neither a statutory right nor a constitutional right to appeal from the district court's denial of a motion to reconsider. The State responds that it has a right to appeal a district court order suppressing evidence and asks this Court to construe its appeal from the motion to reconsider as an appeal from the underlying suppression order. *See* § 39-3-3(B)(2); *see also State v. Heinsen*, 2005-NMSC-035, ¶ 12, 138 N.M. 441, 121 P.3d 1040 (noting that "an appeal of a suppression order has been held to be a statutory right, rather than a constitutional right").

5

**{8}** This Court has "stated [a] policy of facilitating the right of appeal by liberally construing technical deficiencies in a notice of appeal otherwise satisfying the time and place of filing requirements." *Govich v. N. Am. Sys., Inc.*, 1991-NMSC-061, ¶ 12, 112 N.M. 226, 814 P.2d 94; *see also Wakeland v. N.M. Dep't of Workforce Solutions*, 2012-NMCA-021, ¶ 7, 274 P.3d 766 ("New Mexico courts have not been stringent about the form and content requirements of documents filed in an effort to seek appellate review, so long as the information provided in the non-conforming document is adequate to convey the basic intent of the party filing the document."). Thus, the State's notice of appeal is not necessarily invalid merely because it refers to the district court order denying the motion to reconsider, rather than referencing the underlying, appealable suppression order.

**{9}** Defendant argues that, even if this Court were to construe the State's notice of appeal as pertaining to the underlying suppression order, the State's appeal must be dismissed because the appeal was not timely filed within ten business days of the suppression order. *See* § 39-3-3(B)(2) (allowing the State ten days to file a notice of appeal from an "order of a district court suppressing or excluding evidence"); Rule 12-201(A)(1) (same); *see also* Rule 12-308(A) NMRA ("When the period of time prescribed or allowed is less than eleven (11) days, intermediate Saturdays, Sundays

and legal holidays shall be excluded in the computation").

{10} The State concedes that it filed its motion to reconsider almost a month after the district court entered its order suppressing evidence and that it filed the notice of appeal nine business days after the district court's denial of the motion to reconsider, almost four months after the entry of the suppression order. The State argues, however, that Defendant waived his right to challenge the timeliness of the State's appeal because Defendant failed to object to the timing of the State's motion to reconsider in district court. For the reasons that follow, we disagree that Defendant was obligated to object in district court to the timing of the State's motion to reconsider.

{11} A district court possesses inherent power to modify an order suppressing evidence at any time prior to the entry of final judgment in a case. *See Sims v. Sims*, 1996-NMSC-078, ¶ 59, 122 N.M. 618, 930 P.2d 153 ("District courts have plenary power over their interlocutory orders and may revise them . . . at any time prior to final judgment." (internal citation omitted)); *see also Heinsen*, 2005-NMSC-035, ¶ 12 (explaining that suppression orders are interlocutory rulings).

{12} Although our procedural rules do not grant the State an express right to file a motion to reconsider a suppression order, the common law has long recognized the

validity and utility of motions to reconsider in criminal cases. *See State v. Roybal*, 2006-NMCA-043, ¶¶ 14, 16, 139 N.M. 341, 132 P.3d 598 (finding authority for motions to reconsider in the common law, despite the fact that there is no "rule of procedure that specifically allows the State to file a motion to reconsider or set aside an order of dismissal in a criminal case"). Motions to reconsider "are a traditional and virtually unquestioned practice and serve judicial economy by permitting lower courts to correct possible errors and thus avoid time-consuming and potentially unnecessary appeals." *Id.* ¶ 16 (internal quotation marks and citation omitted); *see also State v. Gonzales*, 1990-NMCA-040, ¶ 43, 110 N.M. 218, 794 P.2d 361 (recognizing that motions to reconsider enable lower courts to correct errors, relieve appellate courts of unnecessary burdens, and may result in more expedient dispositions of criminal cases).

{13} Accordingly, the State may move the district court to reconsider an order suppressing evidence at any time prior to the entry of a final judgment. In this case, Defendant had no cause to object when the State filed a motion to reconsider almost one month after the entry of the suppression order but before the entry of a final judgment. The State's motion to reconsider constituted a timely, valid means to seek relief in the district court.

8

{14} However, unlike a motion to reconsider, a notice of appeal from a suppression order must be filed within the ten-day period prescribed by Section 39-3-3(B)(2) and Rule 12-201(A)(1). The State admits that its notice of appeal was filed outside this ten-day period but relies on *Roybal*, 2006-NMCA-043, ¶¶ 16-17, to argue that a motion to reconsider tolls the appeal period until after the district court has ruled on the motion. Although we agree that a motion to reconsider filed within the permissible appeals period can toll the time to appeal, we conclude that the appeal time was not tolled in this case.

{15} In *Roybal*, our Court of Appeals considered whether a motion to reconsider a district court order, filed within the permissible time period for filing a notice of appeal, can operate to suspend the finality of the court order and toll the time to appeal until the district court has ruled upon the motion. *Id.* ¶¶ 7, 16-17. Several days after the district court entered an order dismissing the case against Roybal, the State filed two motions asking the district court to reverse the dismissal. *See id.* ¶¶ 4-6. Approximately four months later, the district court denied the State's post-dismissal motions and entered an amended order of dismissal. *Id.* ¶ 6. The State then filed a notice of appeal within thirty days of the district court's denial of the motions. *Id.*; *see generally* Rule 12-201(A)(2) (allowing a party thirty days to file a notice of appeal

9

from an appealable district court judgment or order, other than an order suppressing evidence).

{16} The *Roybal* court concluded that "the State's post-dismissal motions suspended the finality of the original dismissal order and delayed the time for appeal until the trial court disposed of the State's motions." 2006-NMCA-043, ¶ 7. Under those circumstances, the full thirty-day time period for filing an appeal began to run when the district court disposed of the post-dismissal motions. *Id.* ¶ 17. The Court of Appeals held that the State's notice of appeal was timely filed because (1) the State filed its motions to reconsider within the permissible time to appeal, thus tolling the thirty-day appeal period, and (2) the State's notice of appeal was filed within thirty days following the district court's disposition of the motions to reconsider. *Id.*

{17} We agree with the Court of Appeals that a motion to reconsider filed within the permissible appeal period suspends the finality of an appealable order or judgment and tolls the time to appeal until the district court has ruled on the motion. *See id.* This rule is consistent with our Rules of Appellate Procedure, which provide that certain post-judgment motions suspend the time to appeal until such motions have been determined by the district court. *See* Rule 12-201(D) ("If a party timely files a motion pursuant to Section 39-1-1 NMSA 1978, Paragraph B of Rule 1-050 NMRA,

Paragraph D of Rule 1-052 NMRA, or Rule 1-059 NMRA, the full time prescribed in this rule for the filing of the notice of appeal shall commence to run and be computed from the entry of an order expressly disposing of the motion."); *see also Grygorwicz*, 2009-NMSC-009, ¶ 8 (explaining that "if a party makes a post-judgment motion directed at the final judgment . . . , the time for filing an appeal does not begin to run until the district court enters an express disposition on that motion").

{18}     Applying these principles to this case, it is clear that the State cannot take advantage of the rule in *Roybal* because its motion to reconsider was filed outside the permissible ten-day appeal period set forth in Section 39-3-3(B)(2) and Rule 12-201(A)(1). The State concedes that it filed its motion to reconsider twenty-nine days after the order suppressing evidence, "fifteen days too late under *Roybal*." Accordingly, the motion to reconsider did not toll the appeal period, and the State's notice of appeal was untimely.

{19}     Finally, we reject Defendant's contention that this Court must dismiss the State's untimely appeal for lack of jurisdiction, and note that this Court retains subject matter jurisdiction to consider an untimely appeal. *See Govich*, 1991-NMSC-061, ¶ 12 (explaining that this Court has subject matter jurisdiction to consider an untimely appeal). We do, however, require an appellant to properly invoke this Court's

jurisdiction by complying with mandatory requirements regarding the time and place of filing a notice of appeal. *See id.* (noting that this Court will "decline to exercise discretion to excuse or justify any improper attempt to invoke our jurisdiction"). This Court will excuse the untimely filing of an appeal only if the appellant has demonstrated that unusual circumstances justify the late filing. *See Gulf Oil Corp. v. Rota-Cone Field Operating Co.*, 1973-NMSC-107, ¶ 2, 85 N.M. 636, 515 P.2d 640 (per curiam) (declining to consider an untimely petition for writ of certiorari "absent some unusual circumstance justifying such late filing"); *see, e.g.*, *Schultz ex rel. Schultz v. Pojoaque Tribal Police Dep't*, 2010-NMSC-034, ¶ 21, 148 N.M. 692, 242 P.3d 259 (excusing delay caused by the United States Postal Service because it constituted an unusual circumstance outside the appellant's control).

**{20}** Although this Court has discretion to consider the merits of an untimely appeal, the State presents no unusual circumstances that justify its late filing in this case. Accordingly, we decline to consider the merits of the State's appeal and grant Defendant's motion to dismiss.

**CONCLUSION**

**{21}** The State failed to file its notice of appeal within the ten-day period prescribed by Section 39-3-3(B)(2) and Rule 12-201(A)(1). The State's motion to reconsider did

12

not toll the time to appeal because it was filed outside the permissible ten-day appeal period. We therefore grant Defendant's motion to dismiss the State's appeal as untimely and remand this case to the district court for further proceedings consistent with this decision.

{22}    **IT IS SO ORDERED.**


_____
                                                    **EDWARD L. CHÁVEZ, Justice**

**WE CONCUR:**


_____
**PETRA JIMENEZ MAES, Chief Justice**


_____
**RICHARD C. BOSSON, Justice**


_____
**CHARLES W. DANIELS, Justice**


_____
**BARBARA J. VIGIL, Justice**

13