This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

v.                                                    **NO. 32,682**

**THOMAS MONTOYA,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Charles W. Brown, District Judge**

Gary K. King, Attorney General
Margaret McLean, Assistant Attorney General
Santa Fe, NM

for Appellant

Jorge A. Alvarado, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellee

## MEMORANDUM OPINION

**VANZI, Judge.**

{1}     The State appeals the district court's order dismissing the dangerousness proceeding against Defendant Thomas Montoya. The district court excluded evidence of Defendant's past and ongoing violence as irrelevant to determine Defendant's current dangerousness for purposes of criminal commitment. We reverse.

**BACKGROUND**

{2}     Defendant Thomas Montoya was charged with kidnapping, aggravated battery, four counts of simple battery against a household member, deprivation of property of a household member, and interference with communications, as a result of events that took place between Defendant and his girlfriend, Vicky Tapia. He was arrested, arraigned, and released on bond. Defendant was subsequently arrested and charged with domestic violence against Tapia, causing the State to move the district court to review Defendant's conditions of release previously imposed by the court.

{3}     After a competency evaluation, and with the stipulation of the State, the district court found Defendant incompetent to proceed. Under the New Mexico Mental Illness Code (Code), NMSA 1978, § 31-9-1.2(A) (1999), after a defendant is found incompetent to stand trial, the district court may dismiss the case if the defendant is not found to be dangerous. If, however, the defendant is both incompetent and dangerous, he may be involuntarily committed. Section 31-9-1.2(B). Here, the State sought to have Defendant criminally committed and timely filed a witness list for the dangerousness hearing. The witnesses included numerous law enforcement officers,

including Captain Quintin McShan and Defendant's ex-girlfriend, Jackie McFarland. Through these witnesses, the State sought to introduce testimony that Defendant had an ongoing history of violence.

**{4}** At the dangerousness hearing, defense counsel objected to the relevance of the testimony from the State's witnesses. Specifically, defense counsel argued that evidence of Defendant's past and present violence was not relevant to his dangerousness. The district court agreed. The court stated that it "found that witnesses testifying about . . . Defendant's behavior prior to and on the date of [the] incident in this matter would be irrelevant as to the issue of . . . Defendant's future dangerousness as defined in [Section] 31-9-1.2(D), and should not be allowed to testify." Because the State did not produce any other witnesses, the matter was dismissed without prejudice. This appeal followed.

**DISCUSSION**

**This Court Has Jurisdiction Over the State's Appeal**

**{5}** Before considering the merits of the evidentiary ruling, we must consider the State's right to appeal. "We review jurisdictional issues and the legal issues raised in this appeal under a de novo standard of review." *State v. Heinsen*, 2005-NMSC-035, ¶ 6, 138 N.M. 441, 121 P.3d 1040.

**{6}** "Generally, the State cannot appeal proceedings from a judgment in favor of the defendant in a criminal case absent a constitutional provision or statute conferring that

right." *State v. Sanchez*, 2008-NMSC-066, ¶ 7, 145 N.M. 311, 198 P.3d 337 (internal quotation marks and citations omitted). Defendant contends that the State's appeal in this case must be dismissed because the State has neither a statutory right nor a constitutional right to appeal from the district court's dismissal without prejudice. The sole basis for Defendant's argument is that the State's appeal cannot lie because the district court's order was not final. We disagree.

{7}     As the State notes, it has a right to appeal certain non-final orders under two statutory provisions. First, the State has a right to appeal a district court order dismissing a criminal complaint pursuant to NMSA 1978, Section 39-3-3(B)(1) (1972), and it has this right even if the dismissal is without prejudice. *See State v. Armijo*, 1994-NMCA-136, ¶¶ 5, 6, 118 N.M. 802, 887 P.2d 1269 (concluding that the State is entitled "to appeal any order dismissing one or more counts of a complaint, indictment, or information, regardless of whether the dismissal is with prejudice"). The State also has a right to appeal a district court order suppressing evidence within ten days after the order is filed "if the district attorney certifies to the district court that the appeal is not taken for purpose of delay and that the evidence is a substantial proof of a fact material in the proceeding." Section 39-3-3(B)(2); *see* Rule 12-201(A)(1) NMRA (procedural rule permitting appeal from an order suppressing or excluding evidence).

**{8}** Both statutory provisions apply here. We begin with Section 39-3-3(B)(1). The district court found that Defendant was incompetent to stand trial but was not dangerous to others, and it dismissed the State's case without prejudice. As we have noted above, *Armijo* makes clear that a dismissal without prejudice does not preclude the State from filing an appeal. 1994-NMCA-136, ¶ 6. The State timely appealed the district court's order of dismissal within the thirty-day deadline set forth in Section 39-3-3(B)(1). Consequently, this Court has jurisdiction to consider the merits under this provision.

**{9}** Further, the State's appeal was properly filed under Section 39-3-3(B)(2). After the district court entered its order of dismissal, the State timely filed its appeal nine business days after the order was entered. The State also certified that the appeal was "not for purposes of delay and that the evidence suppressed is a substantial proof of a fact material in the proceeding" and it explained why the evidence was material in the docketing statement. Defendant does not contest the State's argument that its appeal meets the requirements of Section 39-3-3(B)(2). Therefore, the State has a statutory right to an appeal under Section 39-3-3(B)(2). Having determined that we have jurisdiction, we now turn to the evidentiary ruling at issue.

**The Evidence Was Relevant**

**{10}** "In general, we review a trial court's admission or exclusion of evidence for abuse of discretion." *State v. Armendariz*, 2006-NMSC-036, ¶ 6, 140 N.M. 182, 141

P.3d 526, *overruled on other grounds by State v. Swick*, 2012-NMSC-018, 279 P.3d 747. "An abuse of discretion arises when the evidentiary ruling is clearly contrary to logic and the facts and circumstances of the case." *Id.* The singular question in this case is whether the district court abused its discretion when it excluded all evidence of Defendant's past and ongoing violence, ruling that such evidence was irrelevant as to Defendant's future dangerousness.

{11} Rule 11-401(A) defines "relevant evidence" as evidence having "any tendency to make a fact more or less probable than it would be without the evidence[.]" Relevant evidence is probative and material and is admissible under Rule 11-402 except in certain circumstances, which are not at issue here. "Irrelevant evidence is not admissible." *Id.* "[A]ny doubt whether the evidence is relevant should be resolved in favor of admissibility." *State v. Flores*, 2010-NMSC-002, ¶ 27, 147 N.M. 542, 226 P.3d 641 (internal quotation marks and citation omitted). Whether evidence is credible or reliable affects its weight and not its admissibility. *See State v. Vigil*, 1990-NMSC-066, ¶ 21, 110 N.M. 254, 794 P.2d 728 (finding the credibility of a witness irrelevant to a determination of admissibility).

{12} In order to determine whether excluded evidence is relevant, we consider whether it is related to the issues in the case. *Flores*, 2010-NMSC-002, ¶ 28; *see* Rule 11-401. Under Section 31-9-1.2(D) of the Code, a defendant is "dangerous" when, "if released, [he] presents a serious threat of inflicting great bodily harm on another or of

6

violating [certain sexual offenses]." Here, the State sought to introduce evidence of Defendant's past and on-going violence in order to establish his future dangerousness pursuant to Section 31-9-1.2. In particular, the testimony would establish whether Defendant would commit great bodily harm in the future. At the hearing before the district court, defense counsel objected to all of the State's witnesses on relevance grounds arguing that "[t]he past is irrelevant" and that "[i]t doesn't talk about what he's going to do in the future if he's released." Although the district court acknowledged that "[t]he fact that . . . Defendant has done things in the past may be relevant to the seriousness of—the present serious threat to commit great bodily harm in the future," it nevertheless agreed with defense counsel and found that the testimony of the State's witnesses was irrelevant. For the reasons that follow, on the narrow issue of relevance, we conclude the testimony should have been admitted.

{13}    As we have noted, the State sought to present evidence of Defendant's dangerousness through the testimony of Defendant's ex-girlfriend, Jackie McFarland, various officers who would testify to the circumstances of domestic violence that led to the charges against Defendant, and Captain McShan who would testify as an expert. With regard to McFarland, the State advised the court that McFarland would testify about her history with Defendant, including the physical abuse she suffered at his hands, that he had committed several crimes against her that would rise to the level of great bodily harm, and that he abused alcohol. The district court agreed with

7

Defendant that the evidence was not relevant and excluded McFarland's testimony on that basis. The court stated that it found things in the past "to be of very little credibility because anyone can come in months later, years later, with claims that there's no way to effectively cross-examine that person on those issues . . . that would be akin to if I somehow in some hearing regarding my ex-wife of 20-some years ago went in and said, 'Here are these bad things about her that I never mentioned before that I should have.'" Although the State responded that some of McFarland's incidents were reported and, thus, were subject to cross-examination, the district court was apparently not persuaded.

{14}    Similarly, the district court excluded the testimony of the officers involved in the investigation of the case. The State had argued that the various police officers were present on the dates of the incident, they had contact with Defendant and the victims, and they were able to see injuries and speak with witnesses who saw Defendant commit crimes. Thus, the State said, their testimony was relevant to the court's determination as to whether Defendant would commit such crimes again or commit great bodily harm in the future. However, the district court ruled, without explanation, "they're not relevant for the purposes of this hearing."

{15}    Finally, the State moved to admit expert testimony from Captain McShan to explain that past instances of domestic violence are a relevant and reliable predictor of future violence. Defense counsel objected on the grounds that expert testimony of

this type was unnecessary because Officer McShan was going to testify about "domestic violence incidents in the past [and] the best indicator of future propensity for violence is past history of violence, especially a domestic violence case . . . you know that, I know that, everybody in this room knows that." Again, although the district court agreed that past incidents of domestic violence were relevant to the dangerousness hearing, it nevertheless excluded Officer McShan's testimony as irrelevant.

{16} On appeal, Defendant does not seriously dispute that the evidence sought to be introduced by the State is relevant. Rather, he argues that the State was simply seeking to substitute bad character evidence, and that the State failed to establish a "nexus" between the testimony of its witnesses and Defendant's future dangerousness. The district court did not rule that the evidence was improper character evidence, and Defendant cites no authority to suggest that a particularized "nexus" must be established between a defendant's past violent behavior and future dangerousness. *See In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329 (noting that where a party cites no authority to support an argument, we may assume no such authority exists).

{17} As we have explained, with regard to relevance, all relevant evidence is generally admissible, unless otherwise provided by law, and only evidence that is not relevant is not admissible. We cannot say that the evidence in this case did not have

probative value. Evidence that would tend to show that previous episodes of Defendant's violent behavior may lead him to commit future violent crimes or inflict great bodily harm is relevant. *See, e.g.*, *State v. Gallegos*, 1990-NMCA-104, ¶ 13, 111 N.M. 110, 802 P.2d 15 (holding that evidence of past violent behavior was sufficient to support a finding of future dangerousness). Accordingly, we conclude that testimony regarding previous conduct of this nature would certainly be relevant in determining the outcome of this case. The district court's decision excluding the State's witnesses because they were "irrelevant" was in error.

**CONCLUSION**

{18} For the reasons set forth above, we reverse and remand for further proceedings.

{19} **IT IS SO ORDERED.**

_____
**LINDA M. VANZI, Judge**

**WE CONCUR:**

_____
**RODERICK T. KENNEDY, Chief Judge**

_____
**JAMES J. WECHSLER, Judge**

10