This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

v.                                                              **No. A-1-CA-35954**

**BRIAN SANCHEZ,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Cristina T. Jaramillo, District Judge**

Hector H. Balderas, Attorney General
Eran Sharon, Assistant Attorney General
Santa Fe, NM

for Appellant

Bennett J. Baur, Chief Public Defender
Nina Lalevic, Assistant Appellate Defender
Santa Fe, NM

for Appellee

### MEMORANDUM OPINION

**M. ZAMORA, Chief Judge.**

**{1}** The State appeals from the district court order denying its motion for pretrial interviews of Defendant Brian Sanchez's prior lawyers. Procedurally, the State argues that this Court has jurisdiction to consider this non-final order on appeal pursuant to Article VI, Section 2 of the New Mexico Constitution; NMSA 1978, Section 39-3-3(B)(2) (1972); and the collateral order doctrine, *see* N.M. Const. art. VI, § 29; Rule 12-503 NMRA. Substantively, the State argues that the attorney-client privilege does not apply to exclude discussions regarding Defendant's trial date from the scope of pretrial discovery where Defendant is being prosecuted for willful failure to appear at trial on a felony charge. *See* NMSA 1978, § 31-3-9(A) (1999) (stating that person released

pending any proceeding who willfully fails to appear before any court as required is guilty of a fourth degree felony). Concluding that we lack jurisdiction to consider the State's appeal, we dismiss the appeal and do not reach its substantive argument.

**BACKGROUND**

**{2}**     It is undisputed that Defendant was indicted for one count of failure to appear on a felony charge after he failed to appear at trial on January 25, 2016, in a separate matter. *See State v. Sanchez*, No. D-202-CR-2015-00589. The State alleges that Defendant and one of his prior lawyers were informed at a hearing on January 8, 2016, that his trial on a felony charge was set for January 25, 2016.

**{3}**     The State filed a motion for pretrial interviews of Defendant's prior lawyers regarding "whether, when, and how often they informed [Defendant] of the trial date." Defendant opposed the motion. At the hearing on the motion, counsel appeared specially on behalf of Defendant's prior lawyers and opposed the request based on various grounds, and specifically because the prior lawyers had no specific recollection. The district court entered an order finding that the information sought was a confidential communication subject to the attorney-client privilege and denying the State's motion for pretrial interviews. This appeal followed, and in assigning this matter to the general calendar, we asked the parties to brief the basis for the State's right to appeal in this case.

**DISCUSSION**

**{4}**     We must determine, as an initial matter, whether we have jurisdiction to consider the State's appeal from the district court's order denying the State's motion for pretrial interviews. *See State v. Gutierrez*, 2016-NMCA-077, ¶¶ 17-18, 380 P.3d 872 (considering jurisdictional questions before reviewing the state's appeal of order granting the defendant's motion to withdraw plea pursuant to Rule 1-060(B)(4) NMRA allowing defendant to seek post-sentencing relief). "Our review of the jurisdictional question is de novo." *Gutierrez*, 2016-NMCA-077, ¶ 17. The State may appeal a decision in a criminal case only when the right to appeal is granted by (1) constitutional provision, (2) statute, or (3) rule. *State v. Heinsen*, 2005-NMSC-035, ¶ 7, 138 N.M. 441, 121 P.3d 1040; *accord State v. Grossetete*, 2008-NMCA-088, ¶ 4, 144 N.M. 346, 187 P.3d 692. We address each argument in turn.

**This Court Lacks Jurisdiction to Consider the State's Appeal**

**A.     Constitutional Right to Appeal**

**{5}**     Generally, Article VI, Section 2 of the New Mexico Constitution provides that in criminal cases, "the [S]upreme [C]ourt shall exercise appellate jurisdiction as may be provided by law, provided that an aggrieved party shall have an absolute right to one appeal." This Court has determined that under this constitutional provision, the State "is an aggrieved party if it makes a valid claim that the district court's disposition is contrary

to law." *Grossetete*, 2008-NMCA-088, ¶ 4 (citing *State v. Santillanes*, 1980-NMCA-183, ¶ 17, 96 N.M. 482, 632 P.2d 359). Thus, in determining whether the State has a constitutional right to appeal, we look to whether the district court's disposition was "contrary to law." *Id.* ¶ 5. "Our cases have limited the construction of 'disposition contrary to law' to situations in which a mandatory statute was being violated; dispositions in which the [s]tate has a strong interest in enforcing its statutes, rules of court, or lawful jury verdicts; or dispositions in which a district court's decision affects matters of grave importance." *State v. Horton*, 2008-NMCA-061, ¶ 9, 144 N.M. 71, 183 P.3d 956 (citing cases). Importantly, "[t]he State does not have an absolute right to appeal in every situation in which it may feel aggrieved by a [district] court's ruling, although we do not foreclose review of a decision that affects a particularly important state interest." *Grossetete*, 2008-NMCA-088, ¶ 4 (internal quotation marks and citation omitted); *accord Heinsen*, 2005-NMSC-035, ¶ 9. The State, in arguing that it is entitled to an appeal under the New Mexico Constitution, does not argue that its interest in the present case rises to such a level that a constitutional right to appeal is merited. Rather, the State, contends only that this Court must decide the merits of the appeal to determine if the State has a constitutional right to appeal. Defendant fails to address whether the State has a constitutional right to appeal under these circumstances.

**{6}** When evaluating whether the district court's order was "contrary to law," we begin by recognizing the longstanding principle that district courts "have supervisory control over their dockets and inherent power to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Lewis ex rel. Lewis v. Samson*, 2001-NMSC-035, ¶ 26, 131 N.M. 317, 35 P.3d 972 (quoting *Pizza Hut, Inc. v. Branch*, 1976-NMCA-051, ¶ 8, 89 N.M. 325, 552 P.2d 227). Furthermore, the rules allow the district court to exercise discretion in determining what is excluded from discovery based on privilege and the facts and circumstances of the case. *See, e.g.*, *State v. Desnoyers*, 2002-NMSC-031, ¶ 25, 132 N.M. 756, 55 P.3d 968 ("The granting or denial of discovery in a criminal case is a matter peculiarly within the discretion of the [district] court which we review under an abuse of discretion standard." (internal quotation marks and citation omitted)), *abrogated on other grounds as recognized by State v. Forbes*, 2005-NMSC-027, ¶ 6, 138 N.M. 264, 119 P.3d 144. However, the existence of the district court's discretion does not alone answer the question of whether the order was contrary to law; we must also consider "the unique facts and posture of this case." *Horton*, 2008-NMCA-061, ¶ 8.

**{7}** The State, while acknowledging that the hearing "transcript shows somewhat [Defendant's] state of mind[,]" argues that additional discovery as to state of mind is necessary because "[D]efendant may have been under the illusion that [trial] was . . . going to be a different day" if the trial judge in the felony matter (No. D-202-CR-2015-00589) stated "it may be a different date, because it's a trailing docket." Relevant to this appeal, the State seeks information from Defendant's prior lawyers "regarding whether, when, and how often they informed [Defendant] of the trial date in [D-202-CR-]2015-[00]589" as part of its investigation into whether Defendant willfully failed to appear. Believing Defendant and at least one of his prior lawyers (on Defendant's behalf) intended to assert the attorney-client privilege regarding their communications about the

trial date, the State filed their motion seeking to compel the prior lawyers to appear for pretrial interviews and at trial, and to preclude objection on the basis of the attorney-client privilege. Defendant opposed the request relying on the sanctity of the attorney-client privilege, the prosecutor's responsibility not to subpoena a lawyer in a criminal proceeding, a lawyers' general duties of loyalty and confidentiality, and the lack of ambiguity in the trial judge's statement to Defendant and his prior lawyer about the trial date.

**{8}** The district court's application of the privilege in this case is not, on its face, contrary to law. The district court and the parties acknowledge that there is no New Mexico precedent, and we have found none, regarding the application of privilege in this circumstance. Even if we were to accept the State's argument that the privilege was inappropriately applied in this case based on interpretations of the privilege in out-of-state precedent, that is not enough to invoke this Court's review on appeal. We have previously held that if the district court acted within its discretionary authority, its disposition was not "contrary to law," even if the court was presented with sufficient evidence to support a contrary outcome. *See*, *e.g.*, *Grossetete*, 2008-NMCA-088, ¶ 10 (considering the state's constitutional right to appeal and holding that the district court's decision denying and dismissing the state's motion to revoke defendant's probation was not contrary to law because "it was within the district court's discretion and authority to decide that the probation should not be revoked, even if there was sufficient evidence to support the [state's] petition").

**{9}** The State has otherwise failed to persuade us to elevate the interest in this case to the level reached by the cases considering dispositions contrary to law. *See generally Horton*, 2008-NMCA-061, ¶ 10 ("In order to elevate the interest in this case to the level required by the . . . cases illustrating dispositions contrary to law, we would be required to say that the district judge's reversal of the magistrate judge's denial of good time is comparable to ignoring a mandatory statute or completely denying a state official the opportunity to perform required duties and that a defendant's interest in the voluntariness of his plea or the effectiveness of his counsel is worth nothing."). Indeed, we have recognized that "[w]hile the [s]tate has an interest in having its witnesses testify and in having the district court make correct rulings on evidentiary matters, district courts have broad discretion in admitting evidence and the [s]tate's interest in preventing impeachment of one of its witnesses is nonetheless subject to the constraints of proper procedure." *State v. Griego*, 2004-NMCA-107, ¶ 19, 136 N.M. 272, 96 P.3d 1192 (internal quotation marks and citation omitted); *see also id.* ¶¶ 19-21 (holding that the state had no constitutional right to appeal the denial of its motion in limine under Article VI, § 2 of the New Mexico Constitution because the state's interests in "preventing impeachment of a certain witness by particular methods," or in "enforcing plea agreements," and the state's "ability to proceed to trial after a significant lapse of time" were "not compelling enough").

**{10}** Relying on *Horton*, 2008-NMCA-061, ¶ 1, the State argues that in order to determine whether the State has a constitutional right to appeal in this case, this Court must, as a practical matter, decide the merits of the issues it raises. We disagree that a

review on the merits is appropriate in this case. *Compare State v. Montoya*, 2011-NMCA-009, ¶ 6, 149 N.M. 242, 247 P.3d 1127 (reviewing the merits of a district court's dismissal of the state's motion to revoke probation, and explaining that where the district court did not consider the merits of the case and based its decisions solely on application of a rule, "[t]he district court acted as a matter of law"), *with Grossetete*, 2008-NMCA-088, ¶¶ 8, 10 (declining to review the merits and holding that because the district court considered the law and facts of the case before exercising its discretionary authority to dismiss the state's petition to revoke a defendant's probation, "the disposition was not contrary to law," and therefore the state had no constitutional right to appeal).

**{11}** Here, in making its decision, the district court had before it all of the information including the transcript of the trial judge's statements in the separate matter for the felony conviction, an unchallenged assertion that Defendant intended to invoke the attorney-client privilege and to direct his prior lawyers to invoke the privilege on his behalf, and the prior lawyers' concern regarding their duty of loyalty and duty of confidentiality to Defendant. Thus, the district court's order demonstrates that it properly considered what was presented in favor of limiting discovery and properly exercised its discretionary authority to deny the State's motion. We conclude that the disposition in this case was not contrary to law. *See Horton*, 2008-NMCA-061, ¶ 7 (stating that this Court will not reverse a decision that is correct under any reasonable view of the facts and law). Accordingly, the State does not have a constitutional right to appeal in this case.

## B.    Statutory Right to Appeal

**{12}** In determining whether the State has a statutory right to appeal, we look to the statute's plain language as the "primary indicator of legislative intent," and if the language is clear, we read the statute according to its ordinary meaning and "refrain from further interpretation." *Grossetete*, 2008-NMCA-088, ¶ 13 (citations omitted). "Section 39-3-3(B)(2) . . . provides the [s]tate with a statutory right of appeal from non-final orders, which are generally outside of the [s]tate's constitutional right to appeal." *State v. Sanchez*, 2008-NMSC-066, ¶ 7, 145 N.M. 311, 198 P.3d 337. In any district court criminal proceeding the State may appeal to this Court "within ten days from a decision or order of a district court suppressing or excluding evidence . . . if the district attorney certifies to the district court that the appeal is not taken for purpose of delay and that the evidence is a substantial proof of a fact material in the proceeding." Section 39-3-3(B)(2).

**{13}** The State argues that the order at issue here is within the ambit of Section 39-3-3(B)(2) because it "excluded the possibility of obtaining material evidence that could assist in the prosecution of Defendant for felony failure to appear." Defendant argues that the order "does not suppress or exclude evidence from trial" within the meaning of Section 39-3-3(B)(2) because the State could still call the prior lawyers as witnesses at trial, could continue its investigation, and could make a proffer that the prior lawyers had essential information.

**{14}** Here, we are considering the district court's order denying discovery via pretrial interviews of prior lawyers. The State cites no statute, rule, or case in support of its argument that the denial of pretrial discovery of information is the equivalent of an exclusion or suppression of evidence in a criminal proceeding. *Compare Sanchez*, 2008-NMSC-066, ¶¶ 8, 10-11 (concluding that the language of Section 39-3-3(B)(2) permitting the state to appeal from an order of a district court "suppressing or excluding evidence," provides the state with a right to appeal from the exclusion of the defendant's prior convictions from evidence in the sentencing and penalty phases after trial), *with Grossetete*, 2008-NMCA-088, ¶¶ 11-13 (concluding that Section 39-3-3(B)(1) did not provide the State with a right to appeal a dismissal and denial of the state's petition to revoke probation because the "plain and ordinary meaning of the [statutory] language" did not identify probation revocation proceedings as a "particular situation" the state may appeal from; and although the language allows the state to appeal from an "order dismissing a complaint, indictment, or information," the Court held that "no statute, rule, or case law presented to us characterizes [the state's] request as a complaint, indictment, or information" (internal quotation marks and citation omitted)). "The language of Section 39-3-3 sets out the particular and limited situations in which the [s]tate has a statutory right to appeal a decision in a criminal case[,]" *see id.* ¶ 13, and we see no reason to stray from it. Because the district court's order in this case is not an order "suppressing or excluding evidence" within the ordinary meaning of Section 39-3-3(B)(2), the State has no statutory right to appeal here.

**{15}** To the extent the State argues that its ability to prosecute Defendant has been prejudiced as a result of the court's order, we reject this argument, as the State fails to explain the prejudice it suffered because it was unable to interview Defendant's previous attorneys. "Without a factual basis in the record, the [s]tate's bare assertions of prejudice give us no reason to find such a substantial interest so as to create an exception to our rule requiring appeals be taken only from final orders." *Griego*, 2004-NMCA-107, ¶ 21; *see id.* ("Arguments of counsel are not evidence and cannot be used to prove a fact." (quoting *State v. Wacey C.*, 2004-NMCA-029, ¶ 13, 135 N.M. 186, 86 P.3d 611)). Accordingly, the State does not have a statutory right to appeal in this case.

## C.    The Right to Appeal by Rule

**{16}** The State argues that the district court's ruling on the application of the attorney-client privilege to the prosecution of failure to appear at trial falls within the limited exception to the principle of finality—the collateral order doctrine. *See Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546-47 (1949); *Carrillo v. Rostro*, 1992-NMSC-054, ¶ 18, 114 N.M. 607, 845 P.2d 130. Initially, we note that a writ of error is the appropriate procedural device to invoke the collateral order doctrine to ensure review only when justified. *See Carrillo*, 1992-NMSC-054, ¶¶ 25-28 (noting reasons for adopting the writ of error as procedural device for invoking the collateral order doctrine); *see also* Rule 12-503 (noting the process for seeking relief via a petition for writ of error). This Court has found review of non-final orders under the collateral order doctrine to be appropriate only in very limited circumstances. *See generally State v. Augustin M.*, 2003-NMCA-065, ¶¶ 40-47, 133 N.M. 636, 68 P.3d 182 (declining to apply

the collateral order doctrine and adopting an approach that "guards the policy against piecemeal appeals in criminal cases" (internal quotation marks and citation omitted)).

**{17}** Here, the State has filed a notice of appeal, rather than a petition for a writ of error. We recognize that we have the discretion to treat the notice of appeal requesting review of an order under the collateral order doctrine as an application for a writ of error, which confers jurisdiction upon an appellate court to grant or deny review. *See Carrillo*, 1992-NMSC-054, ¶ 33 (treating notice of appeal as application to invoke writ of error procedure where procedure to be followed was not announced prior to the opinion); *Augustin M.*, 2003-NMCA-065, ¶ 30 (treating request to review a collateral order—a denial of motion to dismiss—as an application for writ of error); *State v. Apodaca*, 1997-NMCA-051, ¶ 11, 123 N.M. 372, 940 P.2d 478 (concluding that under *Carrillo* the notice of appeal could be treated as an application for writ of error). However, we decline to grant review because the appeal in this case does not meet the requirements of Rule 12-503 governing review of collateral orders.

**{18}** Rule 12-503(E)(2) requires the State to provide, in relevant part:

> a concise statement of how the order sought to be reviewed
>
> > (a)   conclusively determines the disputed question;
> >
> > (b)   resolves an important issue completely separate from the merits of the action; and
> >
> > (c)   would be effectively unreviewable on appeal from a final judgment because the remedy by way of appeal would be inadequate[.]

Defendant argues that the State fails to meet the first requirement, because the order "does not conclusively determine a disputed issue. It is a simple discovery order." We agree that the State has failed to prove that the court's denial in this case of its request for pretrial interviews conclusively determines a disputed issue. Specifically, the State's allegation that trial judge communicated the trial date to Defendant was not challenged by Defendant. The State otherwise fails to develop its arguments with respect to the second and third elements, and we will not make the arguments for it. *See State v. Fuentes*, 2010-NMCA-027, ¶ 29, 147 N.M. 761, 228 P.3d 1181. Accordingly, we decline to review the appeal as a collateral order.

**CONCLUSION**

**{19}** For the foregoing reasons we dismiss this appeal, and remand to the district court for further proceedings.

**{20}   IT IS SO ORDERED.**

**M. MONICA ZAMORA, Chief Judge**

**WE CONCUR:**

**JULIE J. VARGAS, Judge**

**MEGAN P. DUFFY, Judge**